IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-000079-LGW-RSB |
| | ) | |
| GINA McCARTHY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED ANSWER AND DEFENSES

Intervenors Natural Resources Defense Council, National Wildlife Federation, One Hundred Miles, and the South Carolina Coastal Conservation League (collectively, the "Conservation Groups") respectfully submit this Answer to the First Amended Complaint filed on July 20, 2015, by the States of Georgia, West Virginia, Alabama, Florida, Indiana, Kansas, Kentucky, South Carolina, Utah, and Wisconsin and the North Carolina Department of Environment and Natural Resources (collectively, the "Plaintiffs"). Pursuant to Fed. R. Civ. P. 24(c), this Answer is submitted concurrently with the Conservation Groups' Motion to Intervene.

## ANSWER

1.      The allegations contained in Paragraph 1 of the Amended Complaint contain a legal conclusion to which no response is required.

2.      The Conservation Groups deny the allegations contained in the first sentence of Paragraph 2 of the Amended Complaint. The allegations contained in the second sentence of Paragraph 2 contain legal conclusions to which no response is required.

3.      Paragraph 3 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any allegations inconsistent therewith.

4.      The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5.      Paragraph 5 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *SWANCC* and *Rapanos* decisions speak for themselves and deny any characterization inconsistent therewith.

6.      The Conservation Groups admit that this case involves a challenge to the final Clean Water Rule.  By way of further response, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

7.      In response to the allegations contained in Paragraph 7 of the Amended Complaint, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

8.      The Conservation Groups deny the allegations contained in Paragraph 8 of the Amended Complaint.  By way of further response, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

9.      The Conservation Groups deny the allegations contained in Paragraph 9 of the Amended Complaint.  By way of further response, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

10.     The Conservation Groups deny the allegations contained in Paragraph 10 of the Amended Complaint.

11.     In response to the allegations contained in Paragraph 11 of the Amended Complaint, the Conservations Groups deny that Plaintiffs are entitled to any of the relief requested.

## RESPONSE TO ALLEGATIONS REGARDING "THE PARTIES"

12.     In response to the allegations contained in Paragraph 12 of the Amended Complaint, the Conservation Groups admit that Plaintiffs are sovereign states.

13.     The Conservation Groups admit the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Paragraph 14 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.

15.     In response to the allegations contained in Paragraph 15 of the Amended Complaint, the Conservations Groups deny that Plaintiffs are entitled to any of the relief requested.

## RESPONSE TO ALLEGATIONS REGARDING "JURISDICTION AND VENUE"

16.     The Conservation Groups admit the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint contains legal conclusions to which no response is required.

18.     Paragraph 18 of the Amended Complaint contains legal conclusions to which no response is required.  By way of further response, the Conservation Groups deny that Plaintiffs are entitled to any of the relief requested.

19.     Paragraph 19 of the Amended Complaint contains legal conclusions to which no response is required.

## RESPONSE TO "FACTUAL ALLEGATIONS"

20.     Paragraph 20 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.

21.     Paragraph 21 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.

22.     Paragraph 22 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the regulation speaks for itself and deny any characterization inconsistent therewith.

23.     Paragraph 23 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute and regulations speak for themselves and deny any characterization inconsistent therewith.

24.     Paragraph 24 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute and regulations speak for themselves and deny any characterization inconsistent therewith.

25.     Paragraph 25 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.

4

26.     Paragraph 26 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.

27.     Paragraph 27 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute and the *Rapanos* opinion speak for themselves and deny any characterization inconsistent therewith.

28.     The Conservation Groups deny the allegations contained in Paragraph 28 of the Amended Complaint as stated.

29.     Paragraph 29 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute and regulations speak for themselves and deny any characterization inconsistent therewith.

30.     Paragraph 30 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.

31.     Paragraph 31 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *Daniel Ball* opinion speaks for itself and deny any characterization inconsistent therewith.

32.     Paragraph 32 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the regulation speaks for itself and deny any characterization inconsistent therewith.

33.     Paragraph 32 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *Callaway* decision and the regulations speak for themselves and deny any characterization inconsistent therewith.

34.     Paragraph 34 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the regulation speaks for itself and deny any characterization inconsistent therewith.

35.     Paragraph 35 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *SWANCC* and *Rapanos* decisions speak for themselves and deny any characterization inconsistent therewith.

36.     Paragraph 36 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *SWANCC* opinion speaks for itself and deny any characterization inconsistent therewith.

37.     Paragraph 37 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *SWANCC* opinion speaks for itself and deny any characterization inconsistent therewith.

38.     Paragraph 38 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *Rapanos* opinion speaks for itself and deny any characterization inconsistent therewith.

39.     Paragraph 39 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *Rapanos* opinion speaks for itself and deny any characterization inconsistent therewith.

40.     Paragraph 40 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *Rapanos* opinion speaks for itself and deny any characterization inconsistent therewith.

41.     Paragraph 41 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *Rapanos* opinion speaks for itself and deny any characterization inconsistent therewith.

42.     Paragraph 42 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the *Robinson* and *Jones Creek* decisions speak for themselves and deny any characterization inconsistent therewith.

43.     In response to the allegations contained in Paragraph 43 of the Amended Complaint, the Conservation Groups admit that the Environmental Protection Agency and the Army Corps of Engineers issued a guidance document dated December 2, 2008.  *See* U.S. Envtl. Prot. Agency & U.S. Army Corps of Eng'rs, Clean Water Act Jurisdiction Following the U.S. Supreme Court's Decision in *Rapanos v. United States* & *Carabell v. United States* (Dec. 2, 2008).  In response to the remaining allegations contained in Paragraph 43, the Conservation Groups state that the Guidance Document speaks for itself and deny any characterization inconsistent therewith.

44.     The Conservation Groups admit the allegations contained in Paragraph 44.

45.     Paragraph 45 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed Rule speaks for itself and deny any characterization inconsistent therewith.

46.     Paragraph 46 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed Rule speaks for itself and deny any characterization inconsistent therewith.

47.     Paragraph 47 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed Rule speaks for itself and deny any characterization inconsistent therewith.

48.     Paragraph 48 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed Rule speaks for itself and deny any characterization inconsistent therewith.

49.     Paragraph 49 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed Rule speaks for itself and deny any characterization inconsistent therewith.

50.     Paragraph 50 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed Rule speaks for itself and deny any characterization inconsistent therewith.

51.     Paragraph 51 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed Rule speaks for itself and deny any characterization inconsistent therewith.

52.     Paragraph 52 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed Rule speaks for itself and deny any characterization inconsistent therewith.

53.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint.

54.     The Conservation Groups admit the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Paragraph 55 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

56.     Paragraph 56 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

57.     Paragraph 57 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

58.     Paragraph 58 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

59.     Paragraph 59 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

60.     Paragraph 60 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 60.

61.     Paragraph 61 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 61.

62.     Paragraph 62 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 62.

63.     In response to the allegations contained in Paragraph 63 of the Amended Complaint, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

64.     In response to the allegations contained in Paragraph 64 of the Amended Complaint, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

65.     In response to the allegations contained in Paragraph 65 of the Amended Complaint, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

66.     In response to the allegations contained in Paragraph 66 of the Amended Complaint, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

67.     In response to the allegations contained in Paragraph 67 of the Amended Complaint, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

68.     Paragraph 68 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

69.     Paragraph 69 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 69.

70.     Paragraph 70 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 70.

71.     Paragraph 71 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 71.

72.     Paragraph 72 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 72.

73.     Paragraph 73 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

74.     Paragraph 74 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 74.

75.     Paragraph 75 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 75.

76.     Paragraph 76 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 76.

77.     Paragraph 77 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

78.     Paragraph 78 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

79.     Paragraph 79 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

80.     Paragraph 80 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

81.     Paragraph 81 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 81.

82.     Paragraph 82 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 82.

83.     Paragraph 83 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups deny the allegations contained in Paragraph 83.

84.     The Conservation Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 84 of the Amended Complaint.  The Conservation Groups deny the allegations contained in the second sentence of Paragraph 84.

85.     In response to the allegations contained in Paragraph 85 of the Amended Complaint, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

86.     Paragraph 86 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Guidance Document and the Final Rule speak for themselves and deny any characterization inconsistent therewith.

87.     The Conservation Groups deny the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Paragraph 88 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

89.     Paragraph 89 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the

statute speaks for itself and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

90.     Paragraph 90 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

91.     Paragraph 91 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

92.     Paragraph 92 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

93.     Paragraph 93 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the regulations speak for themselves and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

94.     Paragraph 94 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Georgia statutes speak for themselves and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

14

95.     Paragraph 95 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the West Virginia statutes speak for themselves and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

96.     Paragraph 96 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Alabama statutes speak for themselves and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

97.     Paragraph 97 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Kentucky statutes speak for themselves and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

98.     Paragraph 98 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Indiana statutes speak for themselves and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

99.     Paragraph 99 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the

Utah statutes speak for themselves and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

100.    Paragraph 100 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute and Final Rule speak for themselves and deny any characterization inconsistent therewith.  By way of further response, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs.

101.    Paragraph 101 of the Amended Complaint contains legal conclusions to which no response is required.

102.    In response to the allegations contained in Paragraph 102 of the Amended Complaint, the Conservation Groups deny that the Final Rule causes harm to Plaintiffs and deny that Plaintiffs are entitled to the relief requested.

103.    Paragraph 103 of the Amended Complaint contains legal conclusions to which no response is required.

## RESPONSE TO "CLAIMS FOR RELIEF"

## RESPONSE TO COUNT I

104.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 103 above.

105.    Paragraph 105 of the Amended Complaint contains legal conclusions to which no response is required.

106.    Paragraph 106 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the statute speaks for itself and deny any characterization inconsistent therewith.

16

107.    Paragraph 107 of the Amended Complaint contains legal conclusions to which no response is required.

108.    Paragraph 108 of the Amended Complaint contains legal conclusions to which no response is required.

109.    Paragraph 109 of the Amended Complaint contains legal conclusions to which no response is required.

110.    Paragraph 110 of the Amended Complaint contains legal conclusions to which no response is required.

111.    Paragraph 111 of the Amended Complaint contains legal conclusions to which no response is required.

112.    Paragraph 112 of the Amended Complaint contains legal conclusions to which no response is required.

**RESPONSE TO COUNT II**

113.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 112 above.

114.    Paragraph 114 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the cases cited by Plaintiffs speak for themselves and deny any characterization inconsistent therewith.

115.    Paragraph 115 of the Amended Complaint contains legal conclusions to which no response is required.

116.    Paragraph 116 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

117.    Paragraph 117 of the Amended Complaint contains legal conclusions to which no response is required.

118.    Paragraph 118 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

119.    Paragraph 119 of the Amended Complaint contains legal conclusions to which no response is required.

## RESPONSE TO COUNT III

120.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 119 above.

121.    Paragraph 121 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that Article I, Section 8 of the Constitution speaks for itself and deny any characterization inconsistent therewith.

122.    Paragraph 122 of the Amended Complaint contains legal conclusions to which no response is required.

123.    Paragraph 123 of the Amended Complaint contains legal conclusions to which no response is required.

## RESPONSE TO COUNT IV

124.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 123 above.

125.    Paragraph 125 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Tenth Amendment of the U.S. Constitution speaks for itself and deny any characterization inconsistent therewith.

126.    Paragraph 126 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the cases cited by Plaintiffs speak for themselves and deny any characterization inconsistent therewith.

127.    Paragraph 127 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that statute speaks for itself and deny any characterization inconsistent therewith.

128.    Paragraph 128 of the Amended Complaint contains legal conclusions to which no response is required.

129.    Paragraph 129 of the Amended Complaint contains legal conclusions to which no response is required.

130.    Paragraph 130 of the Amended Complaint contains legal conclusions to which no response is required.

## RESPONSE TO COUNT V

131.    The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 130 above.

132.    Paragraph 132 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that statute speaks for itself and deny any characterization inconsistent therewith.

133.    Paragraph 133 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the cases cited by Plaintiffs speak for themselves and deny any characterization inconsistent therewith.

134.    Paragraph 134 of the Amended Complaint contains legal conclusions to which no response is required.

135.    Paragraph 135 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed and Final Rules speak for themselves and deny any characterization inconsistent therewith.

136.    Paragraph 136 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed and Final Rules speak for themselves and deny any characterization inconsistent therewith.

137.    Paragraph 137 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Proposed and Final Rules speak for themselves and deny any characterization inconsistent therewith.

138.     Paragraph 138 of the Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the Conservation Groups state that the Final Rule speaks for itself and deny any characterization inconsistent therewith.

139.     Paragraph 139 of the Amended Complaint contains legal conclusions to which no response is required.

**RESPONSE TO COUNT XI**

140.     The Conservation Groups incorporate their responses to the allegations contained in Paragraphs 1 through 139 above.

141.     Paragraph 141 of the Amended Complaint contains legal conclusions to which no response is required.

142.     The Conservation Groups deny the allegations contained in Paragraph 142 of the Amended Complaint.

143.     The Conservation Groups deny the allegations contained in Paragraph 143 of the Amended Complaint.

144.     Paragraph 144 of the Amended Complaint contains legal conclusions to which no response is required.

145.     Paragraph 145 of the Amended Complaint contains legal conclusions to which no response is required.

146.     Paragraph 146 of the Amended Complaint contains legal conclusions to which no response is required.

147.     Paragraph 147 of the Amended Complaint contains legal conclusions to which no response is required.

21

## RESPONSE TO "PRAYER FOR RELIEF"

In response to the unnumbered "Prayer for Relief" paragraph, the Conservation Groups deny that Plaintiffs are entitled to any of the relief requested.

## GENERAL DENIAL

To the extent that any allegation in the Amended Complaint is not expressly admitted, it is denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## RESERVATION AND NON-WAIVER

The Conservation Groups do not waive any claims or defenses that may be available to them and reserve the right to raise any claims or defenses discovered during the course of litigation.

## PRAYER FOR RELIEF

Wherefore, having fully answered Plaintiffs' First Amended Complaint, the Conservation Groups respectfully request that the Court:

1.     Dismiss Plaintiffs' First Amended Complaint with prejudice;

2.     Enter judgment against Plaintiffs on each and every claim;

3.     Award the Conservation Groups their costs and reasonable attorney fees to the extent allowed by law; and

4.     Grant the Conservation Groups such other and further relief as the Court deems appropriate and necessary.

22

Respectfully submitted this 31st day of July, 2015

**NATURAL RESOURCES**
**DEFENSE COUNCIL**

/s/ Jennifer A. Sorenson
Jennifer A. Sorenson
*Pro Hac Vice Motion Forthcoming*
California Bar No. 268665
Natural Resources Defense Council
111 Sutter Street, 20th Floor
San Francisco, CA 94104
Phone: (415) 875-6164
Email: jsorenson@nrdc.org

*Counsel for Proposed Defendant-Intervenor*
*Natural Resources Defense Council*

**SOUTHERN ENVIRONMENTAL**
**LAW CENTER**

/s/ Catherine Wannamaker
Catherine Wannamaker
Georgia Bar No. 811077
Christopher K. DeScherer
Georgia Bar No. 219391
463 King Street
Suite B
Charleston, SC 29403
Phone: 843-720-5270
Email: cwannamaker@selcsc.org
Email: cdescherer@selcsc.org

Megan Hinkle
*Pro Hac Vice Motion Forthcoming*
Georgia Bar No. 877345
127 Peachtree St., Suite 605
Atlanta, Georgia 30303-1840
Phone: (404) 521-9900
Email: mhinkle@selcsc.org

*Counsel for Proposed Defendant-Intervenors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2015, I electronically filed the foregoing Proposed

Answer and Defenses with the Clerk of Court using the CM/ECF system, which will send

notification of this filing to the attorneys of record.

/s/ Catherine Wannamaker