# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| STATE OF GEORGIA, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CV 215-79 |
| | * | |
| GINA A. MCCARTHY, et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
### (Dkt. No. 32)

Eleven States appear as Plaintiffs before this Court seeking a preliminary injunction order to enjoin the Defendants in this case from enforcing the Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) (the "WOTUS Rule" or the "Rule"). Dkt. No. 32.

The Clean Water Act provides for original jurisdiction in the Courts of Appeal of certain Environmental Protection Agency actions. City of Sarasota v. EPA, 813 F.2d 1106, 1107 (11th Cir. 1987) (citing 33 U.S.C. § 1369(b)). The Defendants in this case have argued that the Rule at issue here qualifies for review in the Courts of Appeal, which would mean that this Court lacks jurisdiction. Upon due consideration, the Court concludes that original subject matter jurisdiction over this case is proper in the Courts of Appeal, given that the Rule, as drafted, constitutes a limitation promulgated under section 1311 of the Clean Water Act, and the Court does not have jurisdiction in this case. See 33 U.S.C. § 1369(b)(1)(E). As a result, Plaintiffs' Motion for Preliminary Injunction is **DENIED**. Dkt. No. 32.

AO72A
(Rev. 8/82)

1

## BACKGROUND

The Clean Water Act provides, in relevant part:

> Review of the Administrator's action (A) in promulgating any standard of
> performance under section 1316 of this title, (B) in making any determination
> pursuant to section 1316(b)(1)(C) of this title, (C) in promulgating any effluent
> standard, prohibition or pretreatment standard under section 1317 of this title, (D)
> in making any determination as to a State permit program submitted under
> 1342(b) of this title, **(E) in approving or promulgating any effluent limitation
> or other limitation under section 1311, 1312, or 1316, or 1345 of this title, and
> (F) in issuing or denying any permit under section 1342 of this title,** and (G) in
> promulgating any individual control strategy under section 1314(I) of this title,
> **may be had by any interested person in the Circuit Court of Appeals** of the
> United States for the Federal judicial district in which such person resides or
> transacts business which is directly affected by such action upon application by
> such person. Any such application shall be made within 120 days from the date
> of such determination, approval, promulgation, issuance or denial, or after such
> date only if such application is based solely on grounds which arose after such
> 120th day.

33 U.S.C. § 1369(b)(1) (emphasis added). The Defendants contend that both sections (E) and

(F) apply in this case, such that original jurisdiction in the Court of Appeals is proper.

## DISCUSSION

The Eleventh Circuit recently had the opportunity to construe § 1369(b)(1)(E) and (F).

See Friends of the Everglades v. EPA, 699 F.3d 1280, 1285-88 (11th Cir. 2012).

### I.    § 1369(b)(1)(F)

In the Eleventh Circuit, this provision has received a more narrow construction than that

advocated for by the Defendants. According to the Eleventh Circuit, "[t]he Supreme Court has

interpreted section 1369(b)(1)(F) to extend jurisdiction to those actions that have 'the precise

effect' of an action to issue or deny a permit[.]" Friends, 699 F.3d at 1287 (citing Crown

Simpson Pulp Co. v. Costle, 445 U.S. 193, 196 (1980)). The Eleventh Circuit has also rejected

attempts by the EPA to construe § 1369(b)(1)(F) as applying to "any regulations relating to

permitting itself," as the EPA has tried to do in this case.[1] See Friends, 699 F.3d at 1288 (citing Nw. Envtl. Advocates v. EPA, 537 F.3d 1006, 1018 (9th Cir. 2008)). Here, the WOTUS rule does not have the precise effect of an action to issue or deny a permit, and the Eleventh Circuit has rejected a broad reading of this provision. The Sixth Circuit, in contrast, has taken a broader approach to § 1369(b)(1)(F), and found that jurisdiction was appropriate in the Court of Appeals when the rule at issue regulated permitting procedures but did not deal with the issuance or denial of a particular permit. See Nat'l Cotton Council of Am. v. EPA, 553 F.3d 927, 933 (6th Cir. 2009) ("The jurisdictional grant of § 1369(b)(1)(F) authorizes the courts of appeal 'to review the regulations governing the issuance of permits under section 402, 33 U.S.C. § 1342, as well as the issuance or denial of a particular permit.'") (citations omitted). This Court need not determine which approach to use under § 1369(b)(1)(F), however, because the issue is resolved by § 1369(b)(1)(E).

**II.    § 1369(b)(1)(E)**

"Section 1369(b)(1)(E) grants original jurisdiction to the courts of appeal over 'any effluent limitation or other limitation under section 1311, 1312, 1316, or 1345 of this title.'" Friends, 699 F.3d at 1286 (quoting § 1369(b)(1)(E)). In reviewing the rule at issue in Friends, the Eleventh Circuit looked to the plain language of the statute to determine if it had original jurisdiction under § 1369(b)(1)(E). Id. The Clean Water Act defines "effluent limitation" as "any restriction established by a State or the Administrator on quantities, rates, and concentrations of chemical, physical, biological, and other constituents which are discharged from point sources into navigable waters, the waters of the contiguous zone, or the ocean, including schedules of compliance." Friends, 699 F.3d at 1286 (quoting 33 U.S.C. § 1362(11)).

---

[1] The EPA argues, for example, "[t]he Rule is also reviewable under §509(b)(1)(F), as it governs the issuance of permits, including NPDES permits." Dkt. No. 72, p. 2 (citations omitted).

AO72A
(Rev. 8/82)

As for "other limitations," Black's Law Dictionary defines a "limitation" as a "restriction." Id. (quoting Black's Law Dictionary 1012 (9th ed. 2009)). Looking to those definitions, the Eleventh Circuit in Friends found that it did not have jurisdiction under § 1369(b)(1)(E) to review the water transfer rule at issue in that case, because rather than *restricting* pollutants, the water transfer rule *allowed* entities to pollute and exempted entities from the requirements of the Administrator's permit program. Id. ("Not only does the water-transfer rule not restrict pollutants, it explicitly allows entities to introduce pollutants into navigable bodies of water . . . The water-transfer rule imposes no restrictions on entities engaged in water transfers. The effect is the opposite: the rule exempts governments and private parties engaged in water transfers from the procedural and substantive requirements of the Administrator's permit program.").

In this case, Plaintiffs argue that the Rule is not an effluent or other limitation because it does not involve any of the elements of the definition of effluent limitation, and it imposes no restrictions. Rather, it is a definitional provision. Dkt. No. 62, pp. 22-23. Plaintiffs also argue that because the Rule was issued jointly with the Corps, it was not promulgated under the discrete programs enumerated in § 1369 (or Section 509). Dkt. No. 71, pp. 8-9. Defendants argue that the Rule identifies and defines more precisely what bodies of water will require permits when pollutants are discharged into them, and thus imposes restrictions on entities subject to the Clean Water Act's permit requirements and on permit issuers. Dkt. No. 50, p. 7; Dkt. No. 72, p. 1.

While it is debatable whether the Rule qualifies as an effluent limitation, given the very specific definition of that term in the Clean Water Act, the term "limitation" was construed more broadly by the Eleventh Circuit in Friends. 699 F.3d at 1286. In attempting to discern whether or not the water transfer rule was an effluent or other limitation, the Eleventh Circuit looked to

the impact of the rule to see if it restricted pollutants. See Friends, 699 F.3d at 1286 (looking at the rule's effect).

In the present case, the WOTUS rule does define waters of the United States. However, its undeniable and inescapable effect is to restrict pollutants and subject entities to the requirements of the Clean Water Act's permit program. Indeed, that is, in part, why the Plaintiffs are suing, and it is part of the harm of which they complain. The Rule operates as a limitation or restriction on permit issuers and people who would discharge into the bodies of water the Rule now includes as waters of the United States. The WOTUS rule accomplishes significant limiting and significant restricting even if accomplished by way of defining. Additionally, the EPA promulgated this Rule under section 1311 of the Clean Water Act, among several others.[2] 80 Fed. Reg. at 37,055. Thus, the Plaintiffs in this case seek review of the Administrator's action in promulgating a limitation under section 1311. 33 U.S.C. § 1369(b)(1)(E). Accordingly, original subject matter jurisdiction is appropriate over this dispute in the Court of Appeals.

In further support of this outcome, the Court notes that other courts, analyzing § 1369, have found in favor of Court of Appeals jurisdiction, because it would be perverse that the Courts of Appeals would have original subject matter jurisdiction to "review numerous individual actions issuing or denying permits . . . but would have no power of direct review of the basic regulations governing those individual actions." Nat. Res. Def. Council, Inc. v. EPA, 673 F.2d 400, 405-06 (D.C. Cir. 1982) (citing E.I. du Pont de Nemours & Co. v. Train, 430 U.S. 112, 136 (1977)). Given the agency record in this case, the Court's decision finds additional policy support in the judge-made presumption favoring Court of Appeals review over District

---

[2] The other sections were sections 1314, 1321, 1341, 1342, 1344, and 1361. 80 Fed. Reg. at 37,055 ("The authority for this rule is the Federal Water Pollution Control Act, 33 U.S.C. 1251, *et seq*., including sections 301 [i.e., § 1311], 304, 311, 401, 402, 404 and 501.").

Court review in doubtful cases, which exists "based on the fact that district court review adds another layer to the review process with little gain to the accuracy of the ultimate determination if there are no additional facts to be found." Indiana & Michigan Elec. Co. v. EPA, 733 F.2d 489, 491 (7th Cir. 1984) (citations omitted).

Just yesterday, the Northern District of West Virginia found, as this Court finds, that it did not have jurisdiction to hear a challenge to the WOTUS rule, as that jurisdiction is exclusively vested in the Court of Appeals. Dkt. No. 75-1 (Murray Energy Corp. v. EPA, et al., No. 1:15CV110, at *6 (N.D. W. Va. Aug. 26, 2015)). This Court agrees with the Murray decision that exclusive appellate jurisdiction over this action will further "the congressional goal of ensuring prompt resolution of challenges to EPA's actions[.]" Id. at *16 (quoting Crown Simpson, 445 U.S. at 196 (construing 33 U.S.C. § 1369(b)(1)(F)).

## CONCLUSION

Because this Court has no jurisdiction to enter a preliminary injunction, Plaintiffs' Motion is **DENIED**.


**SO ORDERED**, this 27TH day of August, 2015.


LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA