**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

State of Georgia, *et al.*,
              *Plaintiffs,*

        v.

E. Scott Pruitt, *et al.*,
              *Defendants.*

Case No. 2:15-cv-79-LGW-RSB

## RESPONSE IN OPPOSITION TO MOTION TO CONTINUE STAY OF LITIGATION

More than two and a half years ago, numerous States filed complaints and (in many cases) promptly sought preliminary injunctive relief against the WOTUS Rule in district courts around the country.  In each of those cases, the Agencies argued that district courts lacked jurisdiction to afford the States relief, telling the States that they should seek redress in the courts of appeals instead.  Thirteen States litigating in the district of North Dakota obtained a preliminary injunction, fully protecting them from the illegal WOTUS Rule.  The ten States before this Court, however, were not afforded that protection because their motion for preliminary injunctive relief was denied based on a jurisdictional argument that the United States Supreme Court has now rejected.  The Agencies now ask this Court to force the States to wait *again*; this time, until different courts—where the States are not parties—make decisions about a different rule.  The Agencies essentially argue that because they have issued the Applicability Rule—putting the WOTUS Rule on hold for two years—this case should be stayed until and unless the Applicability Rule is blocked by a different district court, in another part of the country.  In essence, the Agencies claim that the multiple legal challenges to the Applicability Rule should take center stage, while this litigation over the WOTUS Rule itself—which the States filed *years* earlier—should again be put on hold.

The States should not be forced to wait yet again.  They have already been waiting for over two and a half years for relief from this Court, which is the proper venue for their challenge to the WOTUS Rule.  This Court should grant the States' long-pending motion for a preliminary injunction, putting the States here in the same position as the thirteen States in the North Dakota coalition.  If such preliminary relief were first granted, the States would consent to a stay; only then would the States have certain protection from the WOTUS Rule, from the court in which they properly chose to challenge that Rule's legality.  But if this Court chooses not to grant a preliminary injunction, then a stay is not the answer.  The Agencies have not come close to meeting their heavy burden of establishing sufficient equities to stay this litigation.  The Agencies' claimed desire to avoid expending party resources—here, in all likelihood, submitting an additional brief or two, since the parties already submitted extensive merits briefing on the WOTUS Rule before the Sixth Circuit—pales in comparison to the hardship the States will suffer from awaiting the uncertain fate of the Applicability Rule in far-flung courts around the country.  The States deserve protection from the WOTUS Rule in the court they filed suit in years ago, preferably in the form of a preliminary injunction but, barring that, a final judgment vacating the Rule as unlawful.

## STATEMENT

On June 29, 2015, the Environmental Protection Agency and the Army Corps of Engineers issued the Clean Water Rule, which defines the term "waters of the United States" for purposes of the Clean Water Act.  80 Fed. Reg. 37,054 (June 29, 2015) (WOTUS Rule).  The next day, the States filed a challenge of that rule in this Court.[1] ECF No. 1.

---

[1] The ten-state coalition currently includes: Alabama, Florida, Georgia, Indiana, Kansas, Kentucky, South Carolina, Utah, West Virginia, and Wisconsin.

On July 21, 2015, the States moved to preliminarily enjoin enforcement of the WOTUS Rule, arguing that the Rule is unlawful because it exceeds the Agencies' authority under the Clean Water Act, violates the U.S. Constitution, and was issued in violation of the Administrative Procedure Act.  ECF No. 32.  The States argued that the Rule would cause them irreparable harm.  *Id.*  Following a hearing, this Court denied the preliminary injunction motion based on its conclusion that 33 U.S.C. § 1369(b)(1)(E) provides federal courts of appeals (rather than district courts) with original jurisdiction to review challenges to the validity of the WOTUS Rule.  ECF No. 77.  The States sought an expedited appeal of that ruling to the Eleventh Circuit.  ECF Nos. 79 & 83.

Because there had been some question about which courts had jurisdiction to review a challenge to the WOTUS Rule, the States separately filed a protective petition for review directly in the Eleventh Circuit.  *Georgia v. Administrator, EPA*, No. 15-13252, Agency Petition/Application (11th Cir. July 20, 2015).  The Judicial Panel on Multidistrict Litigation transferred that petition from the Eleventh Circuit to the Sixth Circuit, where it was consolidated with similar petitions from other circuits.  ECF No. 106 at 4.  The Sixth Circuit then issued a nationwide stay of the WOTUS Rule.  *In re EPA & Dep't of Def. Final Rule*, 803 F.3d 804, 808–09 (6th Cir. 2015).  The Sixth Circuit later issued a decision holding that § 1369(b)(1) vests courts of appeals, and not district courts, with original jurisdiction over challenges to the WOTUS Rule.  *See In re U.S. Dep't of Def. & EPA Final Rule*, 817 F.3d 261, 274 (6th Cir. 2016).  Thereafter, the parties submitted extensive merits briefing on the legality of the WOTUS Rule before the Sixth Circuit.  *In re EPA & Dep't of Def. Final Rule*, No. 15-3751, ECF Nos. 128–30, 133, 149 (6th Cir. Nov. 1–9, 2016).

The States briefed and argued their expedited appeal to the Eleventh Circuit, but following the Sixth Circuit's jurisdictional decision, the Eleventh Circuit issued an order holding the appeal of this Court's order in abeyance.  ECF No. 106 at 3, 5, 7.  The

Eleventh Circuit further ordered this Court to "stay all further proceedings in the part of this case that is still before it." *Id.* at 7–8. This Court did so on August 22, 2016. ECF No. 107.

The U.S. Supreme Court granted a petition for a writ of certiorari to review the jurisdictional question presented in the Sixth Circuit case. On January 22, 2018, the Court issued a unanimous decision reversing the Sixth Circuit, holding that because § 1369(b)(1) does not provide federal courts of appeals with original jurisdiction to review the WOTUS Rule, "any challenges to the Rule therefore must be filed in federal district courts." *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 624 (2018).

On January 24, 2018, the Eleventh Circuit *sua sponte* vacated this Court's order and remanded for further proceedings in light of *National Association of Manufacturers*. *See* ECF No. 122. On January 26, 2018, the States moved the Eleventh Circuit to expedite issuance of the mandate so that this Court could consider the States' fully-briefed preliminary injunction motion before the Sixth Circuit lifted its nationwide stay, thus causing the WOTUS Rule to take immediate effect. ECF No. 125-1 at 16. The Agencies opposed the motion, contending that the States faced no risk of "immediate" irreparable harm because the Agencies signed and submitted for publication a new final rule, to be published the following day, that delayed until February 2020 the date on which the WOTUS Rule was to apply. *Georgia v. Pruitt*, No. 15-14035, Response at 3 (11th Cir. Feb. 5, 2018). That new rule (the "Applicability Rule") was published on February 6, 2018.[2]  Definition of "Waters of the United States"—Addition of an

---

[2] When the Applicability Rule was still a proposed rule, many of the undersigned States favored issuance of that Rule because they hoped it would "provide[] regulatory consistency and avoid[] confusion." ECF 134-6 at 3. But as explained below, the States' hope for consistency and clarity has now been called into question by the multiple lawsuits challenging the Applicability Rule in district courts across the country.

Applicability Date to 2015 Clean Water Rule, 83 Fed. Reg. 5200, 5200–01 (Feb. 6, 2018).  The States replied by noting that other groups had already begun challenging the validity of the Applicability Rule, with "many" other lawsuits expected, making its status—and the applicability of the WOTUS Rule—subject to factors outside the States' control.  *Pruitt*, No. 15-14035, Reply at 2 (11th Cir. Feb. 6, 2018) (citing Ariel Wittenberg, *States, greens sue over Trump admin's WOTUS delay*, E&E News, Feb. 6, 2018, https://goo.gl/xqKGAv (attached as Exhibit A); *see also, e.g.*, *New York v. Pruitt*, No. 1:18-cv-1030, Compl. (S.D.N.Y. Feb. 6, 2018), *S.C. Coastal Conservation League v. Pruitt*, No. 2:18-cv-330, Compl. (D.S.C. Feb. 6, 2018); *Nat. Res. Def. Council Inc. v. EPA*, 1:18-cv-1048, Compl. (S.D.N.Y. Feb. 6, 2018).

On February 14, 2018, the Eleventh Circuit issued the mandate.  ECF No. 133.  On February 28, 2018, the Sixth Circuit vacated its nationwide stay of the WOTUS Rule.  *In re U.S. Dep't of Def. & EPA Final Rule*, No. 15-3751, 2018 WL 1108702, at *1 (6th Cir. Feb. 28, 2018).  As a result, litigation over the WOTUS Rule's legality is moving forward in several district courts.  In the North Dakota litigation, the Agencies have relied on the preliminary injunction blocking the WOTUS Rule as to the thirteen States in that case to argue that the merits litigation should not restart.  *North Dakota v. EPA*, 3:15-cv-59, ECF Nos. 175 at 2 & 176 at 2, 4, 6 (D.N.D Feb. 8, 2018).  In the Southern District of Texas, meanwhile, where motions for preliminary injunctive relief had not been fully briefed, the district court permitted three States and private parties to submit briefing on motions for a preliminary injunction and heard oral argument on those fully briefed motions on February 22, 2018.  *Texas v. EPA*, No. 3:15-cv-162, ECF Nos. 68, 80, 114 (S.D. Tex. Feb. 2, 2018); *Am. Farm Bureau Fed'n. v. EPA*, No. 3:15-cv-165, ECF Nos. 60, 72 (S.D. Tex. Feb. 6, 2018).

Now that the Eleventh Circuit has issued the mandate and this Court again has jurisdiction over the States' challenge to the WOTUS Rule, the Agencies have filed this

motion to stay.  For the following reasons, the Agencies' motion should be denied unless this Court first grants the States' long-pending motion for a preliminary injunction.

## ARGUMENT

I.   **The Agencies have not met their burden of showing a "clear case of hardship or inequity" to warrant a stay of this litigation, especially absent the issuance of preliminary injunctive relief.**

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *see also Sturgis Motorcycle Rally, Inc. v. Mortimer*, No. 2:14-CV-175-WCO, 2015 WL 11439078, at *6 (N.D. Ga. June 11, 2015) ("The party seeking a stay bears the burden of justifying the resulting delay.").  To meet that burden, the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

This case does not present the kind of rare circumstances that warrant a stay unless and until this Court affords the States legal protection against the unlawful WOTUS Rule.

A.   **Staying the case without issuing a preliminary injunction will subject the States to significant harm and uncertainty.**

More than two and a half years ago, the States acted diligently to protect their interests by moving to preliminarily enjoin the WOTUS Rule pending resolution of their challenge to the Rule.  ECF No. 32.  This Court denied the preliminary injunction motion on the sole basis that it lacked jurisdiction.  ECF No. 77.  Since then, the States have been forced to wait for that threshold jurisdictional issue to be resolved, and now it has been: the U.S. Supreme Court held that district courts have exclusive jurisdiction to entertain challenges to the validity of the WOTUS Rule.  *Nat'l Ass'n of Mfrs.*, 138 S. Ct. at 624. The States now seek to have their fully briefed and argued motion for a preliminary injunction decided because the WOTUS Rule remains the law of the land and will impose irreparable harm on the States.

The uncertain status of the Applicability Rule, which purports to defer until 2020 the date on which the WOTUS Rule is scheduled to take effect, imposes irreparable and substantial harm upon the States.  *See* 83 Fed. Reg. at 5200–01.  Indeed, any alleged protection the Applicability Rule affords the States is temporary and uncertain; after all, it is already under attack in *multiple* district courts, with plaintiffs in each case asking for the rule be vacated entirely.  *See supra*, pp. 4-5.  It is highly uncertain whether the Applicability Rule will withstand each and every one of those challenges.  *See, e.g.*, *California v. Bureau of Land Mgmt.*, __ F. Supp. 3d __, No. 17-cv-07186-WHO, 2018 WL 1014644, at *4–5 (N.D. Cal. Feb. 22, 2018) (enjoining Bureau of Land Management's suspension/delay rule for the Waste Prevention Rule).  And if litigants convince even one district court to enjoin or vacate the Applicability Rule—either preliminarily or in the form of a final judgment—the WOTUS Rule would take immediate effect *without the States ever having a ruling on their fully briefed and argued preliminary injunction motion in this Court*.  That would, in turn, impose on the States the very irreparable harms they have been trying to avoid since they sought a preliminary injunction in this Court over two and a half years ago, forcing them to scramble to file for emergency relief *after* the WOTUS Rule has taken effect.[3]

Neither the States nor this Court has control over the outcome of Applicability Rule litigation in other jurisdictions.[4]  The States thus remain under a cloud of regulatory

---

[3] Notably, *Landis* considered and rejected a request in which a stay might be entered at the outset and then potentially vacated if later events made such action necessary.  *See Landis*, 299 U.S. at 257 ("We think the answer is inadequate that in the contingencies suggested the respondents will be at liberty to move to vacate the stay, and will prevail upon that motion if they can satisfy the court that its restraints are then oppressive.").  Indeed, that would "make [the respondents] shoulder a burden that should be carried by the Government."  *Id.*

[4] This case is therefore unlike *Basinkeeper*, cited by the Agencies; there, unlike here, the defendants agreed to a "voluntary cessation" of the challenged conduct while an agency

uncertainty, and only judicial relief against the WOTUS Rule—either in the form of a preliminary injunction or a final judgment declaring the WOTUS Rule unlawful—will provide the States with the protection and certainty they need in the face of multiple challenges to the Applicability Rule.  Indeed, the upshot of the Agencies' proposed course of action would be forcing the States to wait until *different* parties litigate a *different* rule in *different* courts before the States are permitted to seek relief from the unlawful WOTUS Rule from the court that the States filed suit in more than two and half years ago.  The Agencies do not even purport to argue that this would be equitable.

Subjecting the States to this risk of delay and irreparable harm would be particularly unfair in light of the national landscape: in August of 2015, the District of North Dakota enjoined the WOTUS Rule at the request of thirteen States challenging the Rule in that court.  *North Dakota v. EPA*, 127 F. Supp. 3d 1047, 1051, 1060 (D.N.D. 2015).  The thirteen States in that coalition are similarly situated to the ten States in this coalition, having brought similar challenges to the WOTUS Rule to district courts within a month of each other in 2015.  Yet the States in the North Dakota coalition are protected by a preliminary injunction, whereas the States in this coalition have enjoyed no such protection.[5]  This means that, at present, the thirteen North Dakota States are protected from the WOTUS Rule no matter what the many district courts litigating the Applicability Rule do, whereas the ten States in this coalition lack the same protection.[6]

---

reconsidered a specific permitting decision.  *See Basinkeeper v. Mallard Basin Inc.*, No. 6:10-cv-1085, 2012 WL 13041531, at *4 (W.D. La. Mar. 15, 2012).

[5] Ironically, in the North Dakota litigation, the Agencies have *repeatedly* cited the thirteen-state preliminary injunction blocking the WOTUS Rule as a justification for not restarting the merits litigation against the WOTUS Rule in that case.  *North Dakota v. EPA*, 3:15-cv-59, ECF No. 175 at 2 & 176 at 2, 4, 6 (D.N.D Feb. 8, 2018).

[6] This lack of parity also presents practical enforcement concerns: if a stay is granted in this case without first granting the States' motion for preliminary injunction, and then the Applicability Rule is later enjoined or invalidated in any of the cases in which it is

And the only reason this coalition's motion was not resolved two and a half years ago is because of a jurisdictional issue that the Supreme Court has now unanimously resolved in the States' favor.

**B.   The Agencies have not demonstrated that proceeding with this case would cause them clear hardship or inequity.**

The Agencies bear the burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *see also Fid. Land Tr. Co. v. Sec. Nat'l Mortg. Co.*, 905 F. Supp. 2d 1276, 1278 (M.D. Fla. 2012); *Purvis v. Blitz, U.S.A., Inc.*, No. 7:11–cv–111, 2012 WL 645884, at *1 (M.D. Ga. Feb. 28, 2012). Especially when balanced against the States' significant interests in not being subjected—at a moment's notice—to the unlawful WOTUS Rule, the Agencies have failed to meet their burden here. Having said that, if this Court were to grant the States' fully-briefed preliminary injunction motion, the States would gladly consent to a stay.

The Agencies claim that a stay is warranted because it will "conserv[e] . . . party resources" by "avoiding unnecessary litigation." ECF No. 134 at 7. But to the extent this Court views this as a weighty concern, there is a way to satisfy that interest without harming the States: granting the fully-briefed motion for a preliminary injunction that has been pending for two and a half years, and *then* staying the litigation. Indeed, that is precisely how a Minnesota district court recently resolved similar pending motions in a case with a nearly identical procedural posture. *See Thrivent Fin. for Lutherans v. Acosta*, No. 16-cv-03289, 2017 WL 5135552, at *1 (D. Minn. Nov. 3, 2017). In *Thrivent*, a plaintiff initiated a challenge to a final agency rule. Then, under direction of a new presidential administration, the agency began reevaluating the challenged rule internally

---

being challenged, the WOTUS Rule would not apply uniformly to states across the country.

9

and submitted a separate proposed rule delaying the applicability of the challenged rule for eighteen months. *Id.* at *4–5 & n.7. The agency moved to stay the litigation, "arguing that because the challenged provision was not yet applicable to [plaintiff], and [the agency] was reassessing [the challenged rule], a stay would promote judicial economy and likewise conserve the parties' resources." *Id.* at *4. The plaintiff then "expressed its willingness to enter into a stay if the Court were to grant its Motion for a Preliminary Injunction." *Id.* at *9. The court did just that: it granted the stay, but *only after* granting plaintiff's motion for preliminary injunction. *Id.* The court emphasized that, in light of that injunctive relief, plaintiff would "not be prejudiced by the entry of a stay at [that] time." *Id.* As in *Thrivent*, a post-preliminary-injunction stay in this case would both accommodate the Agencies' internal proceedings and offer the States the interim protection they have been seeking for more than two and half years.[7]

Even assuming that adjudicating the pending, fully-briefed motion for a preliminary injunction would entail some additional expenditure of resources on the Agencies' part, that alone cannot be enough to qualify as a "clear case of hardship or inequity." *Landis*, 299 U.S. at 251, 255 (noting stay-movant's concern that litigation burden risked "overtax[ing] the facilities of the Government").[8] After all, if an agency could establish a stay-worthy interest every time it had to devote resources to litigation, it could effectively insulate itself against litigation any time a case proceeded concurrently

---

[7] The Agencies suggest that the posture here is "markedly similar" to the circumstances in *North Dakota v. EPA* (distinct from the *North Dakota* WOTUS-Rule case discussed above), where the D.C. Circuit held that case in abeyance in a challenge to another EPA regulation. ECF No. 134 at 8–9. But in *North Dakota*, unlike here, the petitioners challenging the contested rule voluntarily agreed to the abeyance. ECF No. 134-4 at 3, 10.

[8] In *Landis*, the Government offered to voluntarily submit to an injunction that would have prohibited enforcement of the challenged law while various cases were stayed. 299 U.S. at 252. The Agencies have not made the same offer here.

with other rulemaking.  Ongoing rulemakings cannot so easily discharge agencies from responsibility to defend the final agency rules they promulgate.  And the Agencies have not otherwise claimed that an injunction of the WOTUS Rule would impede their own internal agency processes or ability to enforce the Clean Water Act, especially given that one district court has already granted a preliminary injunction that applies to thirteen states.

If this Court does not award the States preliminary injunctive relief, then the Agencies' concerns about "diverting limited agency resources for litigation," ECF 134 at 8, would be insubstantial compared to the harms that flow from the unlawful WOTUS Rule and the uncertain status of the Applicability Rule.  In that circumstance, the equities would militate strongly in favor of permitting the States to complete this litigation, rather than being subject to what other courts (where the States are not parties) may or may not do with regard to the Applicability Rule and when those courts may or may not take action with regard to that Rule.  Completing this litigation would not impose significant burdens upon the parties, given that they have already submitted extensive merits briefing on the WOTUS Rule before the Sixth Circuit, with the Sixth Circuit not issuing a merits decision because of the Supreme Court's jurisdictional ruling.  *See In re EPA & Dep't of Def. Final Rule*, No. 15-3751, ECF Nos. 128–30, 133, 149 (6th Cir. Nov. 1–9, 2016).

Simply put, not wanting to "divert[] limited agency resources for litigation" to defend the Agencies' own final rule, *see* ECF No. 134 at 8, cannot justify denying or even postponing the relief the States initially sought two and a half years ago.[9]

---

[9] The Agencies also claim that a stay is warranted because it would "promote the important interest of open-minded administrative decision-making."  ECF No. 134 at 7. But that argument fails to meet the Agencies' burden of showing clear "hardship" or "inequity" because nothing about the States' effort to obtain preliminary injunctive relief has kept the Agencies from being "open-minded" or from revisiting their past decisions. (continued on next page)

**II.   The motion for a preliminary injunction is ripe.**

The Agencies argue that a stay is warranted because it "comports with fundamental principles of ripeness," implying that the States' motion is no longer prudentially ripe for review. *See id.* at 9–10.  As an initial matter, the Supreme Court has recently questioned the "continuing vitality of the prudential ripeness doctrine" on which the Agencies rely. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2347 (2014).  As the Court explained, if a plaintiff has established Article III standing—and the Agencies have not suggested that the States lack constitutional standing here—nonetheless declining to decide a dispute on "prudential" grounds "is in some tension with our recent reaffirmation of the principle that 'a federal court's obligation to hear and decide' cases within its jurisdiction 'is virtually unflagging.'" *Id.* (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014)).

In any event, the Agencies' argument fails because the States meet the standard for prudential ripeness.  To assess whether a challenged agency decision is prudentially ripe for review, courts focus on "whether the issues are fit for judicial decision" and "the hardship to the parties of withholding court consideration." *Konikov v. Orange Cty.*, 410 F.3d 1317, 1322 (11th Cir. 2005); *see also Susan B. Anthony List*, 134 S. Ct. at 2347 (describing fitness and hardship factors as part of "prudential ripeness doctrine").  Fitness is an assessment of "such factors as whether the issue presented is purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final." *Nat. Res. Def. Council, Inc. v. EPA*, 22 F.3d 1125,

---

The Agencies' suggestion that a stay would conserve judicial resources similarly fails. *See* ECF No. 134 at 7.  Indeed, "a stay cannot be justified strictly on the basis of judicial economy." *Leysoto v. Mama Mia I, Inc.*, No. 08-60750-CIV-SEITZ/O'SULLIVAN, 2009 WL 10668560, at *2 (S.D. Fla. Jan. 26, 2009) (citing *Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1265 (11th Cir. 2000)).  And *Landis* makes clear that it is the "hardship or inequity" to the stay movant that matters in the calculus. *See Landis*, 299 U.S. at 255.

1133 (D.C. Cir. 1994).  If a challenge is not fit for judicial review, courts look to whether delaying or denying review would cause hardship—either legal or practical harm to the challenger's interests.  *Pittman v. Cole*, 267 F.3d 1269, 1280–81 (11th Cir. 2001); *see also Harrell v. Fla. Bar*, 608 F.3d 1241, 1259 (11th Cir. 2010).

The States' pending motion for a preliminary injunction is fit for judicial review.  For starters, the WOTUS Rule is a final, "definitive" agency regulation, *Pub. Citizen Health Research Grp. v. Comm'r, FDA*, 740 F.2d 21, 31 (D.C. Cir. 1984), coming "at the end of a rulemaking proceeding," *Consol. Rail. Corp. v. United States*, 896 F.2d 574, 577 (D.C. Cir. 1990).  Even if later repeal is a possibility, the rule is still final, and is therefore "reviewable even if not yet enforced."  *Public Citizen*, 740 F.2d at 31.  Indeed, the only thing that has prevented enforcement of the rule—the new Applicability Rule—is under attack in at least three district courts as of the time of this filing.  And the Agencies' plans to revisit the WOTUS Rule do not transform that final rule into the kind of tentative agency position that courts have found unfit for judicial review.  *Compare Pittman*, 267 F.3d at 1277–81 (case unripe where the agency position challenged was an "informal" "advisory opinion" issued by the agency's office of general counsel), *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386-88 (D.C. Cir. 2012) (case unripe where party sought a final merits determination of a challenged rule, but the agency had agreed as part of a settlement to issue a new rule that would replace the challenged rule by a certain date), *and Pub. Citizen*, 740 F.2d at 32–34 (case unripe where the agency had yet to take a "definitive, binding agency position" and review of the agency's preliminary position would have "require[d] premature resolution of a substantive issue properly left to the agency"), *with Consol. Rail Corp.*, 896 F.2d at 577 (finding challenge ripe where agency decision at issue was the agency's "final" position "coming … at the end of a rulemaking proceeding in which it solicited and received public comments" and the challenge "present[ed] 'a purely legal question,' a question of statutory interpretation"), *and Gen.*

*Elec. Co. v. EPA*, 290 F.3d 377, 380 (D.C. Cir. 2002) (rejecting argument that case was not fit for judicial review because challenged final agency action was "subject to change"; the "fact that a law may be altered in the future has nothing to do with whether it is subject to judicial review at the moment").

The motion for preliminary injunction also concerns pure questions of constitutional law and statutory interpretation. *See Consol. Rail Corp.*, 896 F.2d at 577. And the States' APA challenge asserts the purely legal argument that the Agencies did not follow proper procedures in issuing the WOTUS Rule and that the rule is arbitrary and capricious. ECF No. 32 at 17–18. The States do not anticipate adding anything to the administrative record; because this is an administrative law challenge, any "further factual development" is unnecessary on the merits. *Susan B. Anthony List*, 134 S. Ct. at 2347.

Because the motion for preliminary injunction is fit for judicial review, the Court does not need to address hardship. *See Harrell*, 608 F.3d at 1259 ("[I]t is readily apparent that '[t]he hardship prong … is not an independent requirement divorced from the consideration of the institutional interests of the court and agency.") (citations omitted) (alterations in original)); *see also, e.g.*, *Rubenstein v. Fla. Bar*, 69 F. Supp. 3d 1331, 1344 (S.D. Fla. 2014) ("[I]f a dispute otherwise qualifies as fit for review, any lack of hardship is irrelevant." (alteration in original)); *Oppenheimer v. Maestro Music, Inc.*, No. 1:14-CV-4066-AT, 2015 WL 12086085, at *4 (N.D. Ga. June 5, 2015) ("[W]here there is no significant concern regarding fitness for a judicial decision, '[lack of] hardship cannot tip the balance against judicial review.'" (second alteration in original)).[10] But in any event,

---

[10] The Agencies suggest that "any hardship caused by … deferral must be 'immediate and significant." ECF No. 134 at 10. But that quote is from *Devia v. Nuclear Regulatory Comm'n*, where the court *first* determined that the issues were *not* fit for judicial review. 492 F.3d 421, 426–27 (D.C. Cir. 2007).

deferring adjudication of the motion for preliminary injunction would present a hardship for the States because of the threat of harm they face from Applicability Rule litigation.

### III.   If this Court declines to grant preliminary injunctive relief, it should immediately set a schedule for cross-motions for summary judgment.

The procedural posture of this case cannot be overlooked.  The States are not seeking a final decision on the merits of their challenge *unless preliminary relief is denied*; their primary request is preliminary injunctive relief.  If such an injunction is granted, the States would be glad to consent to a stay.  Such relief is particularly warranted given the uncertainty surrounding both the Agencies' internal review timeline and the various challenges to the Applicability Rule around the country.  *See* ECF No. 134 at 11 ("It is not possible to prejudge the time necessary" to complete administrative proceedings).  A preliminary injunction would dispel this cloud of regulatory uncertainty and would not impede the Agencies' internal review efforts.  Accordingly, this Court should deny the Agencies' request for a stay, deem the motion for a preliminary injunction ripe for review, and grant the States the relief they seek.

However, if this Court denies the States' preliminary injunction motion, it should set an immediate schedule for cross-motions for summary judgment on the legality of the WOTUS Rule, which the States expect to be very similar to the merits briefs the parties already submitted before the Sixth Circuit.  As the States explained in their preliminary injunction motion, the WOTUS Rule is unlawful and threatens the States with immediate, irreparable harm.  In light of the seriousness of those consequences, this Court should not force the States to await the fate of the Applicability Rule, litigated in different district courts around the country, before the States are finally permitted to seek relief from the WOTUS Rule from this Court.

## CONCLUSION

For the reasons set out above, this Court should deny the Agencies' motion to stay this case unless it first grants the States' pending motion for a preliminary injunction. If this Court does not grant the preliminary injunction motion, this Court should immediately set a schedule for cross-motions for summary judgment on the WOTUS Rule's legality.

Respectfully submitted.

<div style="display:flex">
<div>

*/s/ Sarah Hawkins Warren*
Christopher M. Carr
  *Attorney General*
Sarah Hawkins Warren
  *Solicitor General*
    *Lead Counsel*
Andrew A. Pinson
  *Deputy Solicitor General*
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
swarren@law.ga.gov
(404) 656-3300

*Counsel for Plaintiff State of Georgia*

Steve Marshall
  *Attorney General*
Andrew Brasher
  *Solicitor General*
Office of the Attorney General
501 Washington Ave.
Montgomery, Alabama 36130
abrasher@ago.state.al.us
(334) 353-2609

*Counsel for Plaintiff State of Alabama*
(admitted *pro hac vice*)

</div>
<div>

Patrick Morrisey
  *Attorney General*
Erica N. Peterson
  *Assistant Solicitor General*
Office of the Attorney General
State Capitol, Building 1, Rm 26-E
Charleston, West Virginia 25305
erica.n.peterson@wvago.gov
(304) 558-2021

*Counsel for Plaintiff State of West Virginia*
(admitted *pro hac vice*)

Pamela Jo Bondi
  *Attorney General*
Jonathan Glogau
  *Attorney for the State of Florida*
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
jon.glogau@myfloridalegal.com
(850) 414-3300

*Counsel for Plaintiff State of Florida*
(admitted *pro hac vice*)

</div>
</div>

Curtis T. Hill, Jr.
 *Attorney General*
Thomas M. Fisher
 *Solicitor General*
Office of the Attorney General
302 West Washington Street
Indiana Government Center - South, 5th Fl.
Indianapolis, Indiana 46204
tom.fisher@atg.in.gov
 (317) 232-6255

*Counsel for Plaintiff State of Indiana*
(admitted *pro hac vice*)

Derek Schmidt
 *Attorney General*
Jeffrey A. Chanay
 *Chief Deputy Attorney General*
Office of the Attorney General
120 SW 10th Ave., 3d Floor
Topeka, Kansas 66612
jeff.chanay@ag.ks.gov
 (785) 368-8435

*Counsel for Plaintiff State of Kansas*
(admitted *pro hac vice*)

Alan Wilson
 *Attorney General*
Robert D. Cook
 *Solicitor General*
James Emory Smith, Jr.
 *Deputy Solicitor General*
Office of the Attorney General
1000 Assembly Street, Room 519
Columbia, South Carolina 29201
esmith@scag.gov
(803) 734-3680

*Counsel for Plaintiff State of South Carolina*
(admitted *pro hac vice*)

Andy Beshear
 *Attorney General*
Sam Flynn
 *Assistant Attorney General*
Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601
samuel.flynn@ag.ky.gov
(502) 696-5650

*Counsel for Plaintiff State of Kentucky*
(admitted *pro hac vice*)

Brad D. Schimel
  *Attorney General*
Misha Tseytlin
  *Solicitor General*

Wisconsin Department of Justice
17 West Main Street
Madison, Wisconsin 53707
tseytlinm@doj.state.wi.us
(608) 267-9323

*Counsel for Appellant State of Wisconsin*
(admitted *pro hac vice*)

Sean D. Reyes
  *Attorney General*
Tyler Green
  *Solicitor General*

Office of the Attorney General
Utah State Capitol Complex
350 North State Street, Suite 230
Salt Lake City, Utah 84114-2320
tylergreen@agutah.gov
(801) 538-9600

*Counsel for Appellant State of Utah*
(admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2018, I served this brief by electronically filing it with this Court's ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECF system.

/s/ *Sarah Hawkins Warren*
Sarah Hawkins Warren