UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STATE OF GEORGIA, et al., | No. 2:15-cv-00079 LGW-RSB |
| Plaintiffs, | |
| v. | |
| ANDREW WHEELER, in his official capacity as Acting Administrator, U.S. Environmental Protection Agency, et al., | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO INTERVENOR PLAINTIFFS'
MOTION TO AMEND PRELIMINARY INJUNCTION**

Defendants, the United States Environmental Protection Agency ("EPA"), its Acting Administrator, the United States Army Corps of Engineers ("Army" or "Corps"), and the Assistant Secretary for the Army (Civil Works) (together, "Defendants" or "the Agencies") hereby oppose Intervenor Plaintiffs' motion to amend this Court's Order of June 8, 2018, in which the Court preliminarily enjoined the 2015 rule revising the definition of "waters of the United States"[1] in the eleven Plaintiff States.  (ECF No. 174).  Although it is unclear whether Intervenor Plaintiffs are moving pursuant to Federal Rule of Civil Procedure 59 or 60 (or some other basis), even if they were to file a separate motion for a preliminary injunction, their request for nationwide relief should be denied.

---

[1] *See* Clean Water Rule: Definition of 'Waters of the United States,' 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule" or "Rule").

As Defendants explained when responding to the Plaintiff States' motion for a preliminary injunction earlier this year, "[a] nationwide injunction would be contrary to principles of Article III standing, strain the limits of this Court's equitable authority, and thwart important policies underlying a regional court system."  Defendants' Updated Response to the Motion for Preliminary Injunction (May 9, 2018) (ECF No. 154-1), at 10.  Nothing in Intervenor Plaintiffs' motion changes these conclusions, and Defendants incorporate by reference the last section of their prior brief opposing a nationwide injunction.  *Id.* at 10-13.  Further, Intervenor Plaintiffs have not even demonstrated that they have members in every state and territory not covered by this Court's or another court's preliminary injunction, and moreover that those members are suffering irreparable and cognizable harm in specific contexts absent a more expansive preliminary injunction.  In no event, however, are Intervenor Plaintiffs entitled to a preliminary injunction of the 2015 rule that reaches non-parties.  Any expanded preliminary injunction issued by this Court should be limited to the parties to this case and the irreparable harms they prove.

## BACKGROUND

Intervenor Plaintiffs sought intervention in this case on June 29, 2018 (ECF No. 178), shortly after this Court granted Plaintiff States' motion for a preliminary injunction (ECF No. 174 (Order of June 8, 2018)).  Since the Court granted the motion for intervention on July 10, 2018, twelve of the seventeen Intervenor Plaintiffs have actively litigated their challenges to the 2015 rule both in this Court and in the Southern District of Texas.  *See American Farm Bureau Fed'n v. EPA*, No. 3:15-cv-165 (S.D. Tex.) (consolidated with *Texas v. EPA*, No. 3:15-cv-162

(S.D. Tex.).[2]  On September 12, 2018, the Southern District of Texas court preliminarily enjoined the 2015 Rule in Texas, Louisiana, and Mississippi, but denied without prejudice the preliminary injunction motions to the extent that they sought a *nationwide* scope.  *Am. Farm Bureau Fed'n*, No. 3:13-cv-165, ECF No. 87 at 3 ("[T]he Court finds it inappropriate to issue a nationwide preliminary injunction in this case" "without prejudice to the Court's reconsideration of this issue based on future decisions and developments in this case.").  Intervenor Plaintiffs then filed their motion to amend or clarify this Court's June 8, 2018 Order granting a preliminary injunction.  (ECF No. 208).  In conjunction with their motion, Intervenor Plaintiffs have filed three categories of declarations by representatives or members of some of the Intervenor Plaintiffs' organizations:  (1) declarations signed in 2016 and filed with the Sixth Circuit (ECF No. 208-5, Ex. E); (2) declarations signed in early 2018 and filed with the Southern District of Texas (ECF No. 208-6, Ex. F); and (3) declarations signed within the past month (ECF No. 208-4, Ex. D).

## ARGUMENT

With narrow exceptions, nationwide injunctions are contrary to principles of Article III standing, strain the limits of this Court's equitable authority, and thwart important policies underlying a regional court system.  (ECF No. 154-1 at 10-13).  The Ninth Circuit recently reiterated that nationwide injunctions are limited to "exceptional cases," vacating one as insufficiently supported.  *City and County of San Francisco v. Trump*, 897 F.3d 1225, 1244 (9th Cir. 2018).  And Justice Thomas voiced concerns about nationwide injunctions in *Trump v. Hawaii*:

---

[2]  Plaintiff Intervenors American Forest & Paper Association, Georgia Association of Manufacturers, Georgia Farm Bureau Federation, National Stone, Sand, and Gravel Association, and U.S. Poultry & Egg Association are not plaintiffs in the Southern District of Texas matter.

> "District courts . . . have begun imposing universal injunctions without considering their authority to grant such sweeping relief.  These injunctions are beginning to take a toll on the federal court system—preventing legal questions from percolating through the federal courts, encouraging forum shopping, and making every case a national emergency for the courts and for the Executive Branch.  I am skeptical that district courts have the authority to enter universal injunctions.  These injunctions did not emerge until a century and a half after the founding. And they appear to be inconsistent with longstanding limits on equitable relief and the power of Article III courts."

138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring).

Intervenor Plaintiffs' motion fails to demonstrate that a nationwide preliminary injunction is warranted here.

**I.      Intervenor Plaintiffs have not demonstrated nationwide irreparable and cognizable harm.**

In seeking to expand this Court's preliminary injunction to one that applies nationwide (or otherwise beyond the borders of the 11 Plaintiff States), Intervenor Plaintiffs do not justify the broad relief they seek.  First, as any preliminary injunction movant, they must establish irreparable harm.  *United States v. Jenkins,* 714 F. Supp. 2d 1213, 1221 (S.D. Ga. 2008) (citing *Winter v. NRDC, Inc.,* 555 U.S. 7, 22 (2008)).  Moreover, in terms of the geographic scope of preliminary relief, absent more, this Court lacks jurisdiction to issue a nationwide injunction.  Article III of the Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies' . . . ."  *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 559 (1992).  That limitation restricts judicial power "to redress[ing] or prevent[ing] actual or imminently threatened injury to persons caused by private or official violation of law."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009).  Thus, even when irreparable harm is shown, courts lack authority to grant relief that does *more* than redressing actual or imminently threatened injuries suffered by parties to the case.

To establish standing, the plaintiff bears the burden of establishing that "he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical"; and the injury must be caused by the defendant's challenged action and be redressable.  *Id.* at 493.  Importantly, the plaintiff must have standing "for each type of relief sought."  *Id.*  Here, because Intervenor Plaintiffs seek a nationwide preliminary injunction—relief that, according to the terms of Intervenor Plaintiffs' request, would apply beyond the borders of the 11 Plaintiff States to reach the entire country—they must show (*inter alia*) that their members suffer cognizable injuries over that full geographic span.  *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established.").[3]

There is another reason why injunctive remedies should be narrowly tailored.  An injunction is an equitable remedy, and like all equitable relief, has traditionally been limited to determining the rights of the parties before the court.  *See U.S. Dep't of Def. v. Meinhold*, 510 U.S. 939 (1993) (staying injunction that grants relief to persons other than plaintiff); *Los Angeles Haven Hospice v. Sebelius*, 638 F.3d 644, 665 (9th Cir. 2011) (vacating nationwide injunction as "too broad" when a narrower one would have given plaintiff "complete relief").  So any relief this Court grants can "'be no more burdensome to the defendant than necessary to provide complete relief'" to Intervenor Plaintiffs.  *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

---

[3] Intervenor Plaintiffs  appear to rely on organizational standing in their motion.  *See* ECF No. 208 at 3 (discussing injuries to their members rather than to themselves as organizations).  They may establish standing on that basis only if and to the extent that, among other things, their individual members have standing. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).

5

Intervenor Plaintiffs have submitted a series of declarations in support of their motion. However, none establishes the requisite irreparable and concrete harm, *see Lujan*, 504 U.S. at 560, let alone shows that such cognizable injury is occurring all over the country.

*First*, the following set of Intevenor Plaintiffs' declarations is stale and lacks facial probative value: the declarations submitted in 2016 to the Sixth Circuit (ECF No. 208-5, Ex. E). These declarations are outdated and, even if they were up to date, would purport to support only standing. At the time of these declarations, the Sixth Circuit had already stayed the 2015 rule nationwide, and it was neither the purpose nor the effect of those declarations to show irreparable harm.[4] Accordingly, because irreparable harm is an essential element of any preliminary injunction, these declarations on their face do not support Intervenor Plaintiffs' motion.

*Next*, the declarations signed in early 2018 and submitted to the Southern District of Texas are similarly deficient (ECF No. 208-6, Ex. F). Although these declarants (representatives of certain party organizations) generally allege that they have members located throughout the United States, they fail to identify any individual member; fail to allege that any specific member is being harmed by the 2015 rule; and fail to allege that such harm is occurring in any specific location or context. *See* Ex. F at 3-5, Declaration of the Vice President of the National Association of Manufacturers, Ross Evan Eisenberg; Ex. F at 7-8, Declaration of the Senior Director for Regulatory and Scientific Affairs at the American Petroleum Institute, Howard J. Feldman; Ex. F at 10-15, Declaration of the Senior Director of Regulatory Affairs at the American Farm Bureau, Don Parrish. Thus, these declarations fail to support Intervenor

---

[4] Indeed, many of these declarants are located in states where the 2015 rule is already enjoined. *See, e.g.,* Ex. E at 9a, Declaration of Tim Canterbury (Texas); Ex. E at 11a, Declaration of Jim Chilton (Arizona); Ex. E at 16a, Declaration of Caren Cowan (New Mexico); Ex. E at 31a, Declaration of Terrance W. Cundy (Idaho); Ex. E at 82a, Declaration of Kent Mann (Idaho); Ex. E at 105a, Declaration of Jeff Norwood (Texas).

Plaintiffs' motion.  *See Georgia Republican Party v. SEC*, 888 F.3d 1198, 1203 (11th Cir. 2018)

("[plaintiff] has failed to allege that a specific member will be injured by the rule").

 *Third*, Intervenor Plaintiffs' recent declarations (ECF No. 208-4, Ex. D) are also facially

deficient.   Two of these declarations pertain to states where the 2015 rule is already enjoined;

i.e., the declarations from Robert Reed, a Texas farmer (Ex. D at A-15 to A-17), and Janet Price,

the environmental manager of a forestry company, Rayonier Inc., which operates in, among

other states, Alabama, Florida, Georgia, Louisiana, Mississippi, South Carolina, and Texas (Ex.

D at A-12 to A-14).  Neither Mr. Reed nor Rayonier could possibly be suffer irreparable harm in

these seven states, given that the 2015 rule has been preliminarily enjoined by either this Court

or the Southern District of Texas in all those places.

 Further, the declarations from representatives of the National Stone, Sand, and Gravel

Association (Emily Coyner, Senior Director, Environmental Policy & Regulatory Affairs, Ex. D

at A-1 to A-4); the National Association of Manufacturers (Ross Evan Eisenberg, Vice President

of Energy and Resources Policy, Ex. D at A-5 to A-7); the American Farm Bureau (Don Parrish,

Senior Director of Regulatory Affairs, Ex. D at A-9 to A-11); and the National Association of

Home Builders (Thomas Ward, Ex. D at A-21 to A-24) contain none of the details essential to

establishing standing.  In particular, they "do[] not identify any particular site" that would be

affected by the 2015 rule; they do not identify any "firm intention" that someone would act in a

way that implicates the rule; and they do not "identif[y] [any] member[s] who ha[ve] suffered or

would suffer harm . . . ."  *Summers*, 555 U.S. at 498.  The allegations are too general to establish

concrete and particularized injuries that are actual and imminent in any location.  And they most

certainly do not allege injuries that warrant nationwide preliminary relief.

Only two declarants even purport to identify locations where, they allege, they are suffering harm, and these locations are in states are currently subject to the 2015 rule (i.e., where the 2015 rule is not enjoined by a court).  Rayonier owns land in Oklahoma,[5] Oregon, and Washington (Ex. D at A-12), and Jeff Slaven owns a farm in Virginia (Ex. D at A-18 to A-20).  But Rayonier's averments are deficient because its representative (Ms. Price) does not even name any "particular . . . project claimed to be unlawfully subject to the" 2015 rule.  *Summers*, 555 U.S. at 495.  With respect to Mr. Slaven, although he voices concern that some of his activities may involve discharges of pollutants to "waters of the United States" under the 2015 rule (Ex. D at A-18 to A-19), that concern, without more, is mere conjecture.  That allegation does not constitute a well-pleaded fact that shows actual or imminently threatened injury.  *See Summers*, 555 U.S. at 495 ("There may be a chance, but [it] is hardly a likelihood" of injury).

*Finally*, Intervenor Plaintiffs generally argue, detached from any supporting declaration, that the "geographic inconsistency in the current regulatory scheme" warrants an injunction with nationwide effect.  (ECF No. 208 at 14).  To illustrate, they imagine a wetland straddling the border between Virginia (where the 2015 Rule applies) and North Carolina (where it is

---

[5]  The State of Oklahoma and a coalition of business groups are currently seeking to preliminarily enjoin the 2015 rule in Oklahoma.  *See Oklahoma v. EPA*, No. 4:15-cv-381 (N.D. Okla.); *Chamber of Commerce of the United States*, No. 4:15-cv-386 (N.D. Okla.).  In a separate action, the States of Ohio, Michigan, and Tennessee seek a preliminary injunction throughout their borders.  *See Ohio v. EPA*, No. 2:15-cv-2467 (S.D. Ohio).  The pendency of these actions highlights another reason why nationwide relief is unwarranted here.  As the Agencies previously explained (ECF No. 154-1 at 12), "courts ordinarily should not award injunctive relief that would encroach upon another court's jurisdiction to decide a matter."  It would be contrary to the principles of sound judicial administration and comity among federal courts of equal rank for this Court to conclude that its order should be given effect in the states that brought suit in other district courts only to have their motions to enjoin the 2015 Rule either denied or deferred upon consideration by those courts.  *See Va. Soc'y for Human Life, Inc. v. FEC*, 263 F.3d 379, 393 (4th Cir. 2001) (rejecting nationwide injunction because, among other reasons, it "preclude[d] other circuits from ruling" on issue), *overruled on other grounds by The Real Truth About Abortion, Inc. v. FEC*, 681 F.3d 544 (4th Cir. 2012).

enjoined), and contend that there, it would be "almost impossible to sort out which regulatory regime applies." *Id.* Notably, however, no declarant gives a specific example of a cross-border scenario that impacts them directly. Thus, this scenario remains mere conjecture and does not support the relief requested.

In the end, Intervenor Plaintiffs have failed to show that they meet any narrow exception to the multitude of reasons why a nationwide preliminary injunction should not be issued. Intervenor Plaintiffs have not demonstrated irreparable harm, shown a cognizable injury in fact, or established the requisite standards in all the states in which they seek a preliminary injunction. This Court thus should not grant Intervenor Plaintiffs' motion for a nationwide injunction.

## II.    Alternatively, any expansion of the preliminary injunction should be limited to the parties and the irreparable harms they prove.

In no event are these Intervenor Plaintiffs entitled to an expanded preliminary injunction of the 2015 rule that reaches the entire states of non-parties. At most, any expansion of the preliminary injunction issued by this Court should be limited to the parties to this case and the irreparable harms they establish.

As the Agencies previously explained (ECF No. 154-1 at 11), "equitable principles require that injunctions 'be no more burdensome to the defendant than necessary to provide complete relief *to the plaintiffs*.'" (Quoting *Califano*, 442 U.S. at 702, and citing *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003), which states that an injunction "should be tailored to restrain no more than what is reasonably required to accomplish its ends."). Here, although *all* of the Intervenor Plaintiffs' declarations are deficient (as explained above), the most that Intervenor Plaintiffs could conceivably show is that they have members suffering irreparable and cognizable injury somewhere in three states: Oregon, Washington, and Virginia. *See supra* at 8 & n.5. These are states where no preliminary injunction already exists or is being sought.

Importantly, neither of these declarants (i.e., neither Ms. Price for Rayonier nor Mr. Slaven) claims to be injured in *all* states where the Intervenor Plaintiffs seek to expand the scope of this Court's preliminary injunction.

## CONCLUSION

This Court should deny Plaintiff Intervenors' motion for a nationwide preliminary injunction (ECF No. 208).

Dated:  October 10, 2018                          Respectfully submitted,

                                                  BOBBY L. CHRISTINE
                                                  United States Attorney

                                                  J. THOMAS CLARKSON
                                                  Assistant United States Attorney
                                                  JONATHAN A. PORTER
                                                  Assistant United States Attorney
                                                  Georgia Bar No. 656069
                                                  Post Office Box 8970
                                                  Savannah, Georgia  31412
                                                  Telephone:  (912) 652-4422 (Clarkson)
                                                  Facsimile:  (912) 652-4227
                                                  thomas.clarkson@usdoj.gov
                                                  jonathan.porter@usdoj.gov

                                                  JEFFREY H. WOOD
                                                  Acting Assistant Attorney General
                                                  JONATHAN D. BRIGHTBILL
                                                  Deputy Assistant Attorney General
                                                  Environment and Natural Resources Division

                                                  s/ *Andrew J. Doyle*
                                                  DANIEL R. DERTKE
                                                  ANDREW J. DOYLE
                                                  MARTHA C. MANN
                                                  United States Department of Justice
                                                  P.O. Box 7611
                                                  Washington, DC 20044
                                                  Telephone: (202) 514-4427 (Doyle)
                                                  Facsimile: (202) 514-8865
                                                  andrew.doyle@usdoj.gov

                                                  *Counsel for Defendants-Agencies*