**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| STATE OF GEORGIA, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 2:15-cv-79 |
| ANDREW WHEELER, *et al.*, | |
| *Defendants*. | |

**INTERVENOR PLAINTIFFS' RESPONSE TO INTERVENOR DEFENDANTS'
RULE 56.1 STATEMENT IN SUPPORT OF THEIR CROSS MOTION
FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1 and this Court's December 4, 2018 Order (Dkt. 225), the Intervenor Plaintiffs respectfully refer the Court to their Local Rule 56.1 Statement of Material Undisputed Facts in Support of their Motion for Summary Judgment (Dkt. 199-1) and submit the following in response to the Intervenor Defendants' Statement of Material Undisputed Facts (Dkt. 211-1). The paragraph numbers refer to the corresponding numbers in the Intervenor Defendants' Statement.

### General Objection

"The focal point for judicial review of an administrative agency's action should be the administrative record." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). "[T]he 'task of the reviewing court is to apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court.'" *Id*. (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (alterations incorporated)). Thus,

"the material facts are those facts present in the agency's administrative record." *Sea Turtle Conservancy v. Locke*, 2011 WL 13227945, at *2 (N.D. Fla. July 5, 2011). In other words, "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal," and "[t] he entire case on review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (internal quotation marks omitted). And "while certain circumstances may justify going beyond the administrative record" (*Endangered Areas*, 87 F.3d at 1246), none of the "facts" asserted in the Intervenor Defendants' statement permit consideration of extra-record material. Accordingly, the claims in this case should be evaluated based on the administrative record (Dkt. 198-1) and the legal citations in the parties' briefs.[1]

In circumstances like these, courts have generally held that Rule 56.1 statements (and responses to them) are unnecessary in APA cases. *See, e.g.*, *Just Bagels Mfg., Inc. v. Mayorkas*, 900 F. Supp. 2d 363, 372 n.7 (S.D.N.Y. 2012) (directing parties not to submit Local Rule 56.1 statements in APA case); *Glara Fashion, Inc. v. Holder*, 2012 WL 352309, at *1 n.1 (S.D.N.Y. Feb. 3, 2012) (no Local Rule 56.1 statement required in administrative record review case); *Student X v. N.Y. City Dep't of Educ.*, 2008 WL 4890440, at *11 (E.D.N.Y. Oct. 30, 2008) (declining to require counter-statement of undisputed material facts in APA case).[2]

Subject to this general objection, Intervenor Plaintiffs respond as follows:

1.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that

---

[1]    To the extent that standing must be proven by extra-record material, the facts supporting Intervenor Plaintiffs' standing are not disputed by any of the defendants. To the extent the Court must review facts outside the record to adjudicate Intervenor Plaintiffs' claim that the agencies had a closed mind and engaged in unlawful lobbying and propaganda activities (Dkt. 199, at 31-33), such review is permissible. *See Endangered Areas*, 87 F.3d at 1246 n.1.

[2]    The Intervenor Plaintiffs filed their own Rule 56.1 statement only in an abundance of caution.

accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

2.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

3.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

4.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

5.      Plaintiffs' claims are brought under the APA, and the Court must determine

whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

6.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

7.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

8.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required.

To the extent a response is deemed required, such facts are disputed.

9. Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

10. Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

11. Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

12. Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor

Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

13.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

14.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

15.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

16.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the ad-

ministrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

17.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

18.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

19.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

20.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

21.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

22.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

23.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or

8

characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

24.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

25.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

26.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

27.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that

accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

28.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

29.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

30.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

31.     Plaintiffs' claims are brought under the APA, and the Court must determine

whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

32.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

33.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

34.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required.

To the extent a response is deemed required, such facts are disputed.

35.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

36.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

37.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

38.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor

Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

39.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

40.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

41.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

42.      Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the ad-

ministrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

43.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

44.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

45.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

46.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

47.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

48.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

49.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or

characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

50.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

51.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

52.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

53.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that

accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

54.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

55.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

56.    Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

57.    Plaintiffs' claims are brought under the APA, and the Court must determine

whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

58. Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

59. Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

60. Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required.

To the extent a response is deemed required, such facts are disputed.

61.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

62.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

63.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

64.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor

Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

65.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

66.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

67.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

68.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the ad-

ministrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

69.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

70.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

71.     Plaintiffs' claims are brought under the APA, and the Court must determine whether the challenged agency action is arbitrary, capricious, or contrary to law based on the administrative record. To the extent Intervenor Defendants recite facts in this paragraph that accurately reflect the administrative record, they are not disputed. To the extent that Intervenor Defendants recite "facts" in this paragraph that are argumentative, reflect legal conclusions, or characterize documents, statutes, or regulations that speak for themselves, no response is required. To the extent a response is deemed required, such facts are disputed.

Dated: December 10, 2018                    Respectfully Submitted,

                                            */s/ Timothy S. Bishop*
                                            Timothy S. Bishop*
                                            Michael B. Kimberly*
                                            MAYER BROWN LLP
                                            1999 K Street NW
                                            Washington DC, 20006
                                            (202) 263-3000 (tel.)
                                            (202) 263 3300 (fax)
                                            tbishop@mayerbrown.com
                                            mkimberly@mayerbrown.com

                                            Mark D. Johnson
                                            Georgia Bar No. 395041
                                            Gilbert, Harrell, Sumerford & Martin, P.C.
                                            777 Gloucester Street, Suite 200
                                            Brunswick, Georgia 31520
                                            (912) 265-6700 (tel.)
                                            (912) 264-0244 (fax)
                                            mjohnson@gilbertharrelllaw.com

                                            *Attorneys for Intervenor Plaintiffs*
                                            * admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 10, 2018, I filed and thereby caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of Georgia on all parties registered for CM/ECF in the above-captioned matter.

                                            */s/ Timothy S. Bishop*