**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

STATE OF GEORGIA, *et al.*,

*Plaintiffs*,

AMERICAN FARM BUREAU FEDERATION, *et al.*,

*Intervenor-Plaintiffs,*

v.

ANDREW WHEELER, *et al.*,

*Defendants*,

NATURAL RESOURCES DEFENSE COUNCIL, *et al.*,

*Intervenor-Defendants.*

Case No. 2:15-cv-79

**BUSINESS INTERVENOR-PLAINTIFFS' SUPPLEMENTL BRIEF IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT AND TO AMEND THE COURT'S PRELIMINARY INJUNCTION**

The Business Intervenors submit this short supplemental brief pursuant to the Court's order of December 17, 2018 to address two issues raised at the December 14, 2018 motions hearing.

***First***, the United States suggested that the 2015 WOTUS Rule cannot be challenged facially. 12/14/18 Hrg. Tr. 44:10-45:16 (attached as Exhibit A). It took the position, in particular, that the APA does not "permit[] for [a] facial review of [the] regulation" (*id*. at 45:5) and therefore that the Business Intervenors must "identify specific people" with "specific parcels of land" that are subject to "a specific application of the rule" who can show resulting injury (*id*. at 45:7-13). The United States seemed to suggest that, after all that, only those particular individuals would be entitled to an order of relief, leaving the broader public without protection.

That is not how the APA works. As a threshold matter, the APA unquestionably permits facial challenges to agency actions, both pre- and post-enforcement. *See, e.g.*, *Am. Petroleum Inst. v.*

*EPA*, 862 F.3d 50, 76 (D.C. Cir. 2017), *decision modified on reh'g*, 883 F.3d 918 (D.C. Cir. 2018) (entertaining pre-enforcement facial challenge under the APA); *Shays v. Fed. Election Comm'n*, 414 F.3d 76 (D.C. Cir. 2005) (same).

When plaintiffs prevail in such cases, the challenged rule is invalidated in its entirety, as to everyone. As Justice Blackmun explained in *Lujan*:

> In some cases the "agency action" will consist of a rule of broad applicability; and if the plaintiff prevails, the result is that the rule is invalidated, not simply that the court forbids its application to a particular individual. Under these circumstances a single plaintiff, so long as he is injured by the rule, may obtain "programmatic" relief that affects the rights of parties not before the court.

*Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 511 (9th Cir. 2018) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 913 (1990) (Blackmun, J., dissenting)).[1] Thus, "[w]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." *Harmon v. Thornburgh*, 878 F.2d 484, 495 (D.C. Cir. 1989). Put another way, when a plaintiff demonstrates that a regulation exceeds the agencies' statutory and constitutional authority, or that it was promulgated in derogation of the procedural requirements of the APA, a court's order "hold[ing] unlawful and set[ting] aside [the] agency action" (5 U.S.C. § 706(2)) has universal effect.

It hardly could be otherwise. Procedurally, if the agencies' decision not to reopen the comment period was unlawful, or if their decision not to make the final Connectivity Report available for comment was unlawful, then the *whole Rule* is unlawful, soup to nuts. The problem is not its application to any particular member of the regulated public; rather, its enforcement as against *anyone* is categorically unlawful under the APA. The same goes for our substantive challenges. As

1 Although the quoted language is from Justice Blackmun's dissent in *Lujan*, the courts of appeals have recognized that this passage "express[ed] the view of all nine Justices on this question." *Regents*, 908 F.3d at 511 (quoting *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998)).

we explained in our papers and at the hearing, the WOTUS Rule's provisions for interstate features and features adjacent to tributaries are categorically inconsistent with Justice Kennedy's concurring opinion in *Rapanos*; there is no lawful application of those provisions. So too with respect to our arguments under the Commerce Clause and the Due Process Clause. *See, e.g.*, *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999) (an argument that a law is "impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests" is a claim that the law is "invalid on its face").

That is why an order categorically vacating the challenged regulation is the presumptive remedy for violations of the APA. *See* 33 Fed. Prac. & Proc. Judicial Review § 8381 (1st ed.) ("Generally speaking, where a petitioner persuades a reviewing court that an agency's action is defective due to errors of fact, law, or policy, the court should vacate that action and remand to the agency for further proceedings."); *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) ("[W]hen a reviewing court determines that the agency regulations are unlawful, the ordinary result is that the rules are vacated.") (quotation marks omitted).[2]

This follows from the statute's plain text, which states that a reviewing court shall "hold unlawful *and set aside*" agency actions that are arbitrary and capricious, exceed statutory or constitutional authority, or that were promulgated without observance of proper procedure. 5 U.S.C. § 706(2) (emphasis added). *Accord FCC v. NextWave Pers. Commc'ns*, 537 U.S. 293, 300 (2003)

---

2 *See, e.g.*, *Humane Soc'y of United States v. Zinke*, 865 F.3d 585, 615 (D.C. Cir. 2017) (vacating Fish and Wildlife Service rule on basis of four consolidated challenges where each challenge was brought by an animal rights organization); *Nat. Res. Def. Council v. EPA*, 643 F.3d 311, 317 (D.C. Cir. 2011) (vacating EPA rule on basis of challenge brought by a single environmental organization); *Comcast Corp. v. FCC*, 579 F.3d 1, 3 (D.C. Cir. 2009) (vacating FCC regulation governing cable television industry on basis of challenge brought by Comcast); *Nat'l Ski Areas Ass'n, Inc. v. U.S. Forest Serv.*, 910 F. Supp. 2d 1269, 1273 (D. Colo. 2012) (vacating Forest Service rule on basis of challenge brought by skiing association); (emphasis added); *see also Am. Lithotripsy Soc'y v. Thompson*, 215 F. Supp. 2d 23, 24 (D.D.C. 2002) (holding CMMS regulation relating to lithotripsy medical procedure "of no force and effect" and permanently enjoining its enforcement).

("[An] agency action must be *set aside* if the action was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.") (emphasis added).

To "vacate" an agency action is to "nullify or cancel" it, or to "make [it] void." *Vacate*, Black's Law Dictionary (10th ed. 2014). Thus, an order "setting aside" or "vacating" an agency action is absolute; the result is, in effect, to strike the rule from the Code of Federal Regulations. This well-settled remedy is necessarily categorical and national in scope. The United States is wrong to suggest otherwise. *E.g.*, 12/14/18 Hrg. Tr. 45:24-46:4.

***Second***, the United States noted at the hearing that many among the 22 States where the WOTUS Rule is in now in effect have expressed support for the Rule and "have sought to have the 2015 Rule go into effect." 12/14/18 Hrg. Tr. 40:15-19. With respect to our request for a preliminary injunction, the implication was that the Court should respect these States' sovereign prerogative to support of the WOTUS Rule. That is a bizarre suggestion. No State has any prerogative—sovereign or otherwise—to insist that an *unlawful* federal regulation be enforced within its borders. The Business Intervenors and their members are suffering admittedly irreparable harms in these States because of the WOTUS Rule. *E.g.*, 12/14/18 Hrg. Tr. 43:22-24 ("[T]he United States would have to concede that there are certain impacts to these business intervenors that are not compensable in a monetary way."). It is no answer to the Business Intervenors' members—the ones who are suffering these crushing, non-recoverable compliance costs—for the United States to shrug its shoulders and say that they have the bad luck to live or work in a State that is happy to allow illegal EPA actions.

The most straightforward solution is for the Court, as soon as possible, to grant summary judgment to the plaintiffs and "set aside" (5 U.S.C. § 706(2)) the WOTUS Rule. If it does not do so expeditiously, the Court should first extend the preliminary injunction to apply within the 22 States (and D.C.) not currently protected by a preliminary injunction.

Dated: December 24, 2018

Respectfully submitted,

/s/ *Timothy S. Bishop*

Timothy S. Bishop (pro hac vice)
Michael B. Kimberly (pro hac vice)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
tbishop@mayerbrown.com
mkimberly@mayerbrown.com

Mark D. Johnson
Georgia Bar No. 395041
GILBERT, HARRELL,
SUMERFORD & MARTIN, P.C.
777 Gloucester Street, Suite 200
Brunswick, Georgia 31520
(912) 265-6700 (tel.)
(912) 264-0244 (fax)
mjohnson@gilbertharrelllaw.com

*Attorneys for Business Intervenor-Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 24, 2018, I filed and thereby caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of Georgia on all parties registered for CM/ECF in the above-captioned matter.

/s/ *Timothy S. Bishop*