IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STATE OF GEORGIA, *et al.*,<br><br>*Plaintiffs*,<br><br>AMERICAN FARM BUREAU FEDERATION, *et al.*,<br><br>*Intervenor-Plaintiffs*,<br><br>v.<br><br>ANDREW WHEELER, *et al.*,<br><br>*Defendants*. | Case No. 2:15-cv-79 |

**BUSINESS PLAINTIFF-INVERNORS' NOTICE OF ACTIVITY
IN A RELATED CASE**

The Business Plaintiff-Intervenors submit the attached Opinion and Order entered May 28, 2019 by Judge Hanks in the Southern District of Texas. *See Texas v. EPA*, No. 3:15-cv-162, Dkt. No. 193 (S.D. Tex. May 28, 2019) (Ex. A). In a related case that also challenges the 2015 WOTUS Rule, the Southern District of Texas granted the plaintiffs' motions for summary judgment on procedural grounds. The court remanded the 2015 Rule to the agencies, while keeping in place its previously-entered preliminary injunction within the States of Texas, Louisiana, and Mississippi.

The court held that the 2015 rulemaking violated APA notice-and-comment rulemaking procedures. Specifically, it found the agencies made a "significant" change between the Proposed and Final Rule's definition of "adjacent waters" that altered the

jurisdictional scope of the Rule—but without providing adequate opportunity for comment. Ex. A at 10. It also determined that the agencies failed to provide interested parties "an opportunity to refute the most critical factual material used to support the Final Rule—the Final Connectivity Report." *Id.* at 12. This procedural deficiency resulted in prejudice to interested parties that was "especially severe" due to significant changes between the Draft and Final Connectivity Reports. *Id.* at 12-13.

At the same time, the Southern District of Texas declined to address the parties' substantive challenges to the 2015 Rule and the Business Plaintiff-Intervenors' request for nationwide relief. Ex. A at 14 n.8. It sidestepped these issues given concern that vacatur could be "disruptive" and belief that the agencies could resolve the rule's notice-and-comment defects on remand—without considering whether on remand the agencies would be able to correct the serious substantive flaws embedded in the 2015 Rule. *Id.* at 13-14. The court also suggested substantive challenges were "premature" because the agencies had "already begun reviewing" a replacement rule. *Id.* at 13-14 & n.8.

It is true that the agencies continue to work to correct the lack of certainty and widespread confusion engendered by the legal deficiencies in the 2015 Rule. The U.S. Office of Information and Regulatory Affairs' *Spring 2019 Unified Agenda of Regulatory and Deregulatory Actions* puts the timetable for finalizing repeal of the 2015 WOTUS Rule as August 2019 and for finalizing the new WOTUS Rule as December 2019. https://www.reginfo.gov/public/do/eAgendaMain. But while these revisions are ongoing, the 2015 Rule imposes far-reaching and deleterious impacts on the industry in States in which the Rule is not enjoined (in which many of the Plaintiff-Intervenors' members

operate). *See* Dkt. Nos. 199, 208, 218, 236. Declining to address this ripe legal challenge based on a potential for further agency action—for which there is no guarantee regarding when or how such action will be finalized—clashes with a court's obligation to hear cases within its jurisdiction. *See* Dkt. No. 221, at 4-5. And it denies aggrieved parties judicial review of final agency actions, leaving substantive challenges to rulemakings in which an agency has expressed an intent to revise a final rule effectively unreviewable and at the mercy of an agency's timetable. In light of the Southern District of Texas's ruling, expeditious resolution of the substantive challenges raised to the 2015 Rule before this Court is necessary to protect the Business Plaintiff-Intervenors' rights.

Dated: June 4, 2019                     Respectfully submitted,

*/s/ Timothy S. Bishop*

Timothy S. Bishop*
  MAYER BROWN LLP
  71 South Wacker Drive
  Chicago, IL 60606
  (312) 782-0600 (tel.)
  (312) 701-7711 (fax)
  tbishop@mayerbrown.com

Mark D. Johnson
Georgia Bar No. 395041
  Gilbert, Harrell, Sumerford & Martin, P.C.
  777 Gloucester Street, Suite 200
  Brunswick, Georgia 31520
  (912) 265-6700 (tel.)
  (912) 264-0244 (fax)
  mjohnson@gilbertharrelllaw.com

*Counsel for Business Plaintiffs-Intervenors*
*\* pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 4, 2019, I filed and thereby caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of Georgia on all parties registered for CM/ECF in the above-captioned matter.

*/s/ Timothy S. Bishop*
*Counsel for Business Plaintiffs-Intervenors*
