IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STATE OF GEORGIA, *et. al.,*  Plaintiffs,  v.  ANDREW WHEELER, *et. al.*  Defendants | Case No.: 2:15-cv-00079-LGW-BWC |

**DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION TO MOTIONS FOR RECONSIDERATION**

This case involves a challenge to the Clean Water Rule. On September 12, 2019, the Environmental Protection Agency and the U.S. Army Corps of Engineers (the Agencies) announced that they had finalized and signed the repeal of the Clean Water Rule. *See* EPA, Definition of "Waters of the United States" – Recodification of Pre-Existing Rules, https://www.epa.gov/wotus-rule/definition-waters-united-states-recodification-pre-existing-rules-pre-publication-version. The Repeal Rule will be published in the Federal Register soon and will become effective sixty days after publication. *Id.* As a result, there is no reason to address Plaintiffs' motions for reconsideration. Instead, the Court should hold the motions in abeyance until the repeal becomes effective. At that time, the parties can brief whether the case has become moot.

**PROCEDURAL BACKGROUND**

In 2015, the Agencies published the Clean Water Rule to clarify the meaning of the phrase "waters of the United States." 80 Fed. Reg. 37,054. State Plaintiffs and Industry

Intervenors challenged the Rule, and National Wildlife Federation and One Hundred Miles intervened to defend it.

On August 21, 2019, the Court granted summary judgment in favor of Plaintiffs, remanding the Clean Water Rule without vacatur. ECF No. 261. On September 6, Industry Intervenors moved for reconsideration, asking the Court to vacate the Clean Water Rule. ECF No. 262 at 10.

The following week, the Agencies announced that they had signed and finalized the repeal of the Clean Water Rule. *See* EPA, Definition of "Waters of the United States" – Recodification of Pre-Existing Rules, https://www.epa.gov/wotus-rule/definition-waters-united-states-recodification-pre-existing-rules-pre-publication-version. Shortly thereafter, State Plaintiffs filed a separate motion for reconsideration, also seeking vacatur. ECF No. 265.

## STANDARD OF REVIEW

"A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is 'an extraordinary remedy, to be employed sparingly.'" *Kennedy v. United States*, No. 2:14-CR-12, 2018 WL 2175882, at *1 (S.D. Ga. May 11, 2018). "The decision to grant a motion for reconsideration is committed to the sound discretion of the district court." *Id.*

## ARGUMENT AND CITATION OF AUTHORITIES

The Repeal Rule will be published in the Federal Register soon and will become effective sixty days after publication. There is no reason to address Plaintiffs' motions for reconsideration in the short interim between now and then. Instead, the Court should hold the motions in abeyance until the repeal becomes effective. At that time, the parties can brief whether the case has become moot.

The Court has broad discretion to stay proceedings in order to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Fitzer v. Am. Inst. of Baking, Inc.*, No. CV 209-169, 2010 WL 1955974, at *1 (S.D. Ga. May 13, 2010) ("A district court therefore has broad discretionary authority in determining whether a stay is appropriate."). Here, there are prudential reasons to hold Plaintiffs' motions in abeyance until the Repeal Rule's effective date. Most obviously, there is no reason to expend judicial resources and litigant expense to decide questions that will soon become moot—specifically, whether to vacate an already repealed rule. *See In re Aiken Cty.*, No. 11-1271, 2012 WL 3140360, at *1 (D.C. Cir. Aug. 3, 2012) (holding case in abeyance when "case may soon be mooted by Congress's actions"); *Larios v. Perdue*, 306 F. Supp. 2d 1190, 1201 (N.D. Ga. 2003) (staying resolution of certain claims that were "reasonably likely" to become moot in the near future); *see also Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016) (applying the "perfectly uncontroversial and well-settled principle of law" that "when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot"); *West Virginia v. U.S. Envtl. Prot. Agency*, No. 15-1363, Order Dismissing Case as Moot, ECF No. 1806952 (D.C. Cir. Sept. 17, 2019) (*en banc*) (dismissing challenge to repealed rule as moot, despite newly filed challenges to repeal itself); *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1335 (11th Cir. 2005) (repeal or amendment of a regulation ordinarily moots legal challenges to repealed regulation); Wright and Miller, Federal Practice and Procedure § 3533.6 at n. 53 (collecting cases).

      This is the approach the Northern District of Florida recently took in a similar case involving a challenge to the Clean Water Rule. *See Se. Stormwater Ass'n, Inc. v. EPA*, 4:15-cv-579-MW-CAS, Order Holding Case in Abeyance, ECF No. 89 (N.D. Fla. Sept. 22, 2019) (attached as Ex. A). In that case, the court ordered that the case be held in abeyance for 75 days

3

at the suggestion of the Agencies, who argued, "While this case is not yet jurisdictionally moot, abeyance of this case is appropriate until such time as the case may become moot." *Se. Stormwater Ass'n, Inc. v. EPA*, 4:15-cv-579-MW-CAS, Joint Position Statement, ECF No. 88 (N.D. Fla. Sept. 20, 2019) (attached as Ex. B).

Holding Plaintiffs' motions in abeyance until the Repeal Rule's effective date would not unduly prejudice Plaintiffs. Although Industry Intervenors complain that the Clean Water Rule will impose "far-reaching and deleterious impacts" on industry groups during the short period until the repeal is effective, ECF No. 263 at 5, they do not identify any specific harm or prejudice they will suffer in the short period between now and the repeal's effective date, despite having operated under the Clean Water Rule, at least in some states, for over a year. Similarly, State Plaintiffs cannot complain that they will be prejudiced between now and the repeal's effective date, as the Court's preliminary injunction remains in place as to the State Plaintiffs.

Plaintiffs also complain that, even *after* the Repeal Rule is effective, legal challenges to the repeal would create a "constant risk" that the Clean Water Rule "will spring back into place." ECF No. 263 at 5. This concern is contrary to the position many of the same plaintiffs took just two months ago in similar litigation. That case challenged a 2015 EPA rule called the "Clean Power Plan" that addressed carbon dioxide emissions. Many of the plaintiffs in this case challenged that rule also. In June 2019, while the case was pending, EPA repealed and replaced the rule. Other parties—many of whom had intervened to support the Clean Power Plan in the initial litigation—filed lawsuits challenging the repeal. Despite pending challenges to the repeal, plaintiffs in that case—including Georgia, West Virginia, Alabama, Florida, Indiana, Kansas, South Carolina, Utah, Kentucky, American Forest & Paper Association, National Association of Manufacturers, and National Mining Association—argued that challenges to the Clean Power

Plan were moot on the date the repeal was published in the Federal Register. They argued, "[Even though the repeal is not yet effective,] EPA has definitively 'rescinded and replaced [the] challenged regulation,' and the Court should follow the 'perfectly uncontroversial and well-settled principle of law' and find that these cases are now moot." *West Virginia v. EPA*, No. 15-1363, Reply in Support of Motion to Dismiss, ECF No. 1800343 (D.C. Cir. Aug. 1, 2019) (attached as Ex. C) (citing *Akiachak Native Cmty.*, 827 F.3d at 113). An *en banc* panel of the D.C. Circuit ultimately dismissed the challenges as moot. *West Virginia v. EPA*, No. 15-1363, *En Banc* Order Dismissing Cases as Moot, ECF No. 1806952 (D.C. Cir. Sept. 17, 2019) (attached as Ex. D).

Here, like in the Clean Power Plan challenges, the Court should not expend resources deciding whether to vacate an already repealed rule to ease Plaintiffs' feelings of uncertainty.[1] *See* Wright and Miller, Federal Practice and Procedure § 3533.6 (Because "[c]ourts are not interested in predicting the outcome or consequences of proceedings in another court," "the fact that independent litigation challenges the [repeal]…is not likely to defeat mootness….").

Besides, vacatur would do nothing to resolve the unavoidable uncertainty associated with an appeal of this court's judgment, the impending new "Replacement Rule" (which would supersede both the Clean Water Rule and the repeal),[2] or subsequent legal challenges to that rule. In any event, should the repeal be vacated by another court before the Replacement Rule is

---

[1] In any event, if the Court holds Plaintiffs' motions in abeyance until the repeal's effective date, Plaintiffs may brief these issues then.

[2] The Agencies have announced that they intend to promulgate a new regulatory scheme in a few months that replace the pre-2015 regulations. The comment period on the "Replacement" Rule closed in April 2019, and the Agencies anticipate publishing a Final Rule in December 2019. *See* Office of Info. & Regulatory Affairs, View Rule: Revised Definition of "Waters of the United States," Reginfo.gov, https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=201904&RIN=2040-AF75.

published, as Industry Intervenors fear, Plaintiffs can seek vacatur at that time—either by filing a new complaint or by moving the Court for such relief if the case is stayed.

## CONCLUSION

For the reasons addressed above, the Court should hold Plaintiffs' Motions in abeyance until the repeal is effective, at which time the parties can brief whether the case is moot.

Respectfully submitted this 1st day of October,

>*s/ Catherine M. Wannamaker*
>Georgia Bar No. 811077
>Southern Environmental Law Center
>463 King Street, Suite B
>Charleston, SC 29403-5270
>(843) 720-5270
>(843) 414-7039
>*cwannamaker@selcsc.org*
>
>*s/ J. Blanding Holman IV*
>*Admitted pro hac vice*
>Southern Environmental Law Center
>463 King Street, Suite B
>Charleston, SC 29403-5270
>(843) 720-5270
>(843) 414-7039
>*bholman@selcsc.org*
>
>*s/ Megan Hinkle Huynh*
>*Admitted pro hac vice*
>Georgia Bar No. 877345
>Ten 10th Street NW, Suite 1050
>Atlanta, GA 30309
>Phone: (404) 521-9900
>*mhuynh@selcga.org*
>
>Counsel for Intervenor Defendants National Wildlife Federation and One Hundred Miles

## CERTIFICATE OF SERVICE

I, Megan Hinkle Huynh, hereby certify that on October 1, 2019, I electronically filed the foregoing *Defendant Intervenors' Response in Opposition to Motions for Reconsideration* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

*s/ Megan Hinkle Huynh*

Counsel for Defendant-Intervenors National Wildlife Federation and One Hundred Miles