IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STATE OF GEORGIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW R. WHEELER, in his official capacity as Administrator, U.S. Environmental Protection Agency, et al.,<br><br>Defendants. | Case No. 2:15-cv-00079 |

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' AND INTERVENOR-PLAINTIFFS' MOTIONS FOR RECONSIDERATION OR TO ALTER OR AMEND THE JUDGMENT**

Federal Defendants Andrew Wheeler, Administrator, U.S. Environmental Protection Agency, R.D. James[1], Assistant Secretary for the Army (Civil Works), the U.S. Environmental Protection Agency, and the Department of the Army, U.S. Army Corps of Engineers (collectively, the "Agencies") agree that it is appropriate for this Court to grant the Plaintiffs' and Intervenor-Plaintiffs' request to vacate the Agencies' 2015 revision of the definition of "waters of the United States" under the Clean Water Act (the "CWA")[2] ("2015 Rule").

This Court held that the 2015 Rule was unlawful on both substantive and procedural grounds and that these "serious defects" weighed in favor of vacatur. *Georgia v. Wheeler*, No. 15-cv-00079, 2019 WL 3949922 at *32 (S.D. Ga. Aug. 21, 2019) (the "Order"). The Agencies now agree. On September 12, 2019, the Agencies concluded their administrative notice-and-

---

[1] Assistant Secretary of the Army for Civil Works R.D. James is automatically substituted for his predecessor in office pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.
[2] *See* Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule").

comment reconsideration of the 2015 Rule and issued a final rule entitled "Definition of 'Waters of the United States'—Recodification of Pre-Existing Rules" ("Repeal Rule"), which repeals the 2015 Rule and reinstates the regulatory regime in place prior to the 2015 Rule.[3] Most significantly, the Agencies have concluded, after thorough consideration of approximately 770,000 public comments, that the 2015 Rule exceeded the scope of both the Agencies' authority under the CWA and the limits of applicable Supreme Court precedent on which the 2015 Rule purported to rely.

In conducting a balance of equities analysis in its August 21, 2019 Order, however, the Court declined to vacate the 2015 Rule primarily because vacatur "may cause disruptive consequences to the ongoing administrative process." Order at *32. This factor no longer weighs against vacatur because the administrative process to review the 2015 Rule, which was ongoing at the time of the Court's ruling, has ended.

If anything, vacatur will reduce disruption and promote regulatory certainty. For one thing, the current status quo—which remand without vacatur perpetuates—has resulted in an untenable and ever-shifting judicial and regulatory patchwork. Even before the 2015 Rule went into effect, courts began questioning the validity of the 2015 Rule. One court, the District Court for North Dakota, enjoined its application. Thus, the 2015 Rule has been, at various times during the past four years, enjoined in certain states, stayed nationwide, and then enjoined again by a shifting patchwork of four different courts now covering 27 states—including this case. Yet the 2015 Rule remains in effect in 22 states (including states in which the Intervenor-Plaintiffs may

---

[3] A pre-publication version of the signed Repeal Rule is available at https://www.epa.gov/wotus-rule/definition-waters-united-states-recodification-pre-existing-rules-pre-publication-version (last visited September 24, 2019) (hereinafter "Repeal Rule").

have members with standing).[4] And even in the 27 states where the 2015 Rule is enjoined, those court orders are styled as *preliminary* injunctions. This necessarily is a less conclusive and definitive form of relief than a final order of vacatur, as is being sought by Plaintiffs and Intervenor-Plaintiffs here. *See* Business Plaintiffs-Intervenors' Motion for Reconsideration or to Alter or Amend the Judgment (Intervenor-Plaintiffs' Motion), Dkt. No. 262; Plaintiff States' Motion for Reconsideration or to Alter or Amend the Judgment, Dkt. No. 265.

Moreover, in light of the Agencies' Repeal Rule, conversion of this Court's order from remand to vacatur will have meaningful legal and practical effect for Plaintiffs and Intervenor-Plaintiffs. While the Repeal Rule will itself result in rescission of the 2015 Rule once in effect, that day has not yet come. On its own terms, the Repeal Rule does not take effect until 60 days after its publication in the Federal Register, which has not yet occurred. Moreover, many parties, possibly including the Intervenor-Defendants in this action, will seek to further delay the effective date of the Repeal Rule through legal challenges, or to vacate the Repeal Rule once in effect. Unless and until the Repeal Rule actually takes final effect *nationwide*, the regulatory patchwork persists. Because vacatur as to the parties before this Court affects their legal obligations, this case is not moot.

In light of the deficiencies with the 2015 Rule and the absence of any potential for vacatur to disrupt the Agencies' now-complete administrative process, vacatur is appropriate.

## BACKGROUND

### A. The Court's Summary Judgment Ruling

On August 21, 2019, this Court granted summary judgment to the Plaintiffs and Intervenor-Plaintiffs, concluding that the 2015 Rule "extends the Agencies' delegated authority

---

[4] It is unclear whether and to what extent the North Dakota district court's preliminary injunction currently applies in New Mexico.

beyond the limits of the CWA, and thus is not a permissible construction of the phrase 'waters of the United States' within the statute, and that the Agencies' promulgation of the WOTUS Rule violates the APA's procedural requirements." Order at *1.  Notably, the Court concluded that the rule exceeded the Agencies' authority under the CWA by asserting jurisdiction over waters that "are not navigable-in-fact and otherwise have no significant nexus to any other navigable-in-fact water." *Id*. at *12.  The Court also concluded that certain portions of the 2015 Rule were arbitrary and capricious under the Administrative Procedure Act ("APA"), including the "inclusion of the farming exemption for adjacent waters but not tributaries," the "use of the 100-year floodplain based on FEMA flood maps to define adjacent and case-by-case waters," and the use of "the 1,500-foot limit for adjacent waters . . . ." Order at *29-30.  Lastly, the Court held that the Agencies violated the APA's procedural requirements when adopting the rule because the final rule was not a logical outgrowth of the proposed rule. *Id*. at *23.[5]

The Court remanded the 2015 Rule to the Agencies without vacatur and extended the preliminary injunction already in place "pending the outcome of the ongoing administrative proceedings regarding the WOTUS Rule." *Id*. at *32.  In balancing the equities on whether to vacate the rule, the Court held:

> [A]lthough the WOTUS Rule violates the CWA and the APA, administrative efforts are already underway to repeal and replace the WOTUS Rule with a new rule that abides by both statutes.  As such, an order vacating the Rule may cause disruptive consequences to the ongoing administrative process.  The more prudent course of action here is to allow the Agencies to continue their efforts to change the WOTUS Rule in light of the serious defects identified in this Order while leaving this Court's existing preliminary injunction in place.

Order at *32 (citation omitted).

---

[5] The United States District Court for the Southern District of Texas reached the same conclusion in May 2019, remanding the 2015 Rule to the Agencies for failure to comply with the APA's procedural requirements. *Texas v. EPA*, 389 F. Supp. 3d 497, 503-06 (S.D. Tex. 2019).

4

B.       The Agencies' Rulemaking Process and Repeal Rule

At the direction of the President, the Agencies have been reviewing the 2015 Rule.  The Agencies developed a comprehensive, two-step rulemaking process to review and revise or replace the 2015 Rule as appropriate and consistent with law.  As part of the first step, the Agencies evaluated the 2015 Rule and proposed to repeal it and recodify preexisting regulations.  *See* Definition of "Waters of the United States"—Recodification of Pre-Existing Rule, 82 Fed. Reg. 34,899 (July 27, 2017); Definition of "Waters of the United States"—Recodification of Preexisting Rules, 83 Fed. Reg. 32,227 (July 12, 2018).  In the second step, the Agencies proposed and are still considering a revised definition to "waters of the United States."  *See* Revised Definition of "Waters of the United States," Proposed Rule, 84 Fed. Reg. 4154 (Feb. 4, 2019).  After conducting a notice-and-comment rulemaking process, including the thorough consideration of approximately 770,000 public comments, the Agencies concluded the first step of their two-step rulemaking process on September 12, 2019.  The Agencies issued a final rule that repeals the 2015 Rule and reinstates the pre-2015 regulatory definition of "waters of the United States."  *See generally* Repeal Rule.  The Agencies concluded that it was appropriate to reinstate the pre-existing regulations to provide regulatory certainty as the Agencies proceed with the separate rulemaking on a proposed revised definition of "waters of the United States" and because "as implemented, those regulations adhere more closely than the 2015 Rule to the jurisdictional limits reflected in the statute and case law." *Id*. at 129.

The Agencies determined that the 2015 Rule is unlawful and should be rescinded for four reasons.  First, the Agencies concluded that "the 2015 Rule did not implement the legal limits on the scope of the agencies' authority under the [CWA] as intended by Congress and reflected in Supreme Court cases, including Justice Kennedy's articulation of the significant nexus test in

*Rapanos*." Repeal Rule at 1-2.  Second, the Agencies concluded that the 2015 Rule "failed to adequately consider and accord due weight to the policy of the Congress in CWA section 101(b) to 'recognize, preserve, and protect the primary responsibilities and rights of States to prevent, reduce, and eliminate pollution' and 'to plan the development and use . . . of land and water resources.'" *Id*. at 2 (quoting 33 U.S.C. § 1251(b)).  Third, the Agencies concluded that repeal of the 2015 Rule was necessary to "avoid interpretations of the CWA that push the envelope of their constitutional and statutory authority absent a clear statement from Congress authorizing the encroachment of federal jurisdiction over traditional State land-use planning authority." *Id*.  Fourth, the Agencies concluded, consistent with both this Court's August 21, 2019 Order and the May 28, 2019 ruling of the U.S. District Court for the Southern District of Texas, *Texas*, 389 F. Supp. 3d at 503-06, that the "2015 Rule's distance-based limitations suffered from certain procedural errors and a lack of adequate record support." Repeal Rule at 2.

The Repeal Rule will not go into effect until 60 days after its publication in the Federal Register.  *Id*.

### C. The Motions for Reconsideration

On September 6, 2019, the Intervenor-Plaintiffs moved for reconsideration or, in the alternative, to alter or amend the judgment, asking the Court to vacate the 2015 Rule.  *See* Intervenor-Pls.' Mot. for Reconsideration or to Alter or Amend the Judgment, Dkt. 262.  On September 17, 2019, Plaintiffs moved for reconsideration or to alter or amend the judgment, also asking the Court to vacate the 2015 Rule.  *See* Pls.' Mot. for Reconsideration or to Alter or Amend the Judgment, Dkt. 265.  Plaintiffs argue that vacatur is warranted because "there remains a real risk that challenges to the Agencies' planned repeal of the 2015 Rule brought in

6

different district courts could result in this unlawful rule going into effect in some or all of the Plaintiff States . . . ." *Id*. at 1.

## STANDARD OF REVIEW

"'[T]he trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, LP*, 864 F.3d 326, 336 (5th Cir. 2017) (citation omitted). A motion under Rule 59(e) of the Federal Rules of Civil Procedure must be based upon "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and internal quotation marks omitted). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009) (citation and internal quotation marks omitted).

## ARGUMENT

I. **The Equities Now Weigh in Favor of Vacatur.**

Vacatur is the presumptive remedy where agency action is found to be unlawful. Order at *31 ("[T]he normal remedy under the APA is vacatur . . . .") (citing 5 U.S.C. § 706(2)). The Eleventh Circuit's balance of equities test in *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, provides for weighing the seriousness of the challenged agency action's deficiencies against the disruptive consequences of vacating the action. 781 F.3d 1271, 1290 (11th Cir. 2015) (citing *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)).

Here, the Court has determined that the 2015 Rule had "serious defects," Order at *32, and the Agencies have now reached the same conclusion following an extensive rulemaking process, *see supra* at 5-6. Thus, the Court already found that the first factor of the balancing test weighed in favor of vacatur. Order at *31-32. The Court's primary concern was the disruptive

7

consequences of vacatur on the Agencies' administrative process to reevaluate the 2015 Rule. *Id*. at *32.  That concern has been eliminated now that the Agencies have concluded the first step of their two-step rulemaking process and issued the Repeal Rule.  In light of these changed circumstances, reconsideration is appropriate because the balancing of equities test now favors vacatur.

      **A.**      **The 2015 Rule Was Substantively and Procedurally Deficient.**

On August 21, 2019, this Court held that the 2015 Rule was both substantively and procedurally flawed.  Specifically, the Court concluded that the Agencies exceeded their authority under the CWA, that portions of the 2015 Rule were arbitrary and capricious under the APA, and that the Agencies violated the APA's procedural requirements when adopting the rule.  Order at *12, 22, 29-30.  Earlier this year, another court also ruled that the 2015 Rule was procedurally deficient and was not a logical outgrowth of the proposed rule.  *Texas*, 389 F. Supp. 3d at 503-06.

The Agencies concur with this Court's finding that the 2015 Rule is unlawful.  Following a multi-year rulemaking process, including thorough consideration of approximately 770,000 public comments, the Agencies have determined that the 2015 Rule was unlawful.  As summarized *supra*, the Repeal Rule articulates four grounds that collectively and individually warrant repeal of the 2015 Rule.  Repeal Rule at 1-2.  The Agencies determined that the 2015 Rule's infirmities could not be remedied and, thus, decided to rescind the rule altogether and reinstate the pre-2015 regulations, which the Agencies will continue to implement as "informed by applicable agency guidance documents and consistent with Supreme Court decisions and longstanding agency practice."  *Id*. at 1.  Further, the Agencies proposed a new definition of the

"waters of the United States" in February 2019, *see* 84 Fed. Reg. at 4154, and continue to evaluate public comments on that proposal.

Both the Court and the Agencies have identified serious substantive and procedural defects with the 2015 Rule. This alone supports the remedy of vacating the 2015 Rule. Additionally, as explained below, the second factor of the Eleventh Circuit's balance of equities test also favors vacatur. *See Black Warrior Riverkeeper, Inc.*, 781 F.3d at 1290.

### B. Vacatur Would Not Disrupt the Administrative Proceedings Because Those Proceedings Have Now Concluded.

The Court's concern that vacating the 2015 Rule would disrupt the Agencies' administrative process to review the 2015 Rule, Order at *32, no longer applies in light of the Agencies' issuance of the Repeal Rule on September 12, 2019. Now that the Agencies have concluded that the 2015 Rule is incurably unlawful and are rescinding it, vacatur would not interfere with the Agencies' administrative process.

If anything, vacatur would provide Plaintiffs and Intervenor-Plaintiffs regulatory certainty. The Agencies have long argued that a single, nationwide definition of "waters of the United States" is appropriate. *See* Definition of "Waters of the United States" – Addition of an Applicability Date to 2015 Clean Water Rule, 83 Fed. Reg. 5200, 5202 (Feb. 6, 2018) ("[T]he agencies recognize the need to provide clarity, certainty, and consistency nationwide."); Repeal Rule at 130 (noting the importance of "nationwide consistency"). Currently, the Intervenor-Plaintiffs, many of whom have members operating in multiple states, must navigate a nationwide regulatory patchwork, because the 2015 Rule has at various times over the last four years been in effect in some states but enjoined in others. *See* Repeal Rule at 12-16 (summarizing the extensive history of litigation over the 2015 Rule); *see also* Intervenor-Plaintiffs' Motion at 9. In light of the current patchwork of different definitions of "waters of the United States" applying

9

in different states to Intervenor-Plaintiffs' members, by vacating the 2015 Rule, this Court will help eliminate inconsistency, conflicts, and disruption for Intervenor-Plaintiffs.

In fact, when promulgating the Repeal Rule, the Agencies specifically concluded that elimination of the 2015 Rule would remedy this disruption. First, "[r]egardless of whether the agencies finalize a new definition, the agencies conclude that restoring the pre-existing regulations is appropriate because, as implemented, those regulations adhere more closely than the 2015 Rule to the jurisdictional limits reflected in the statute and case law." Repeal Rule at 129. Second, the Repeal Rule "will provide greater regulatory certainty and national consistency while the agencies consider public comments on the proposed revised definition of 'waters of the United States'" by restoring a uniform definition of "waters of the United States" nationwide that both the Agencies and regulated parties are well used to. Repeal Rule at 124. Vacatur by this Court will be consistent with those findings.

The Repeal Rule will almost certainly be subject to legal challenge after publication in the Federal Register. Preliminary injunction motions will likely be filed. And while the Agencies are confident in the legality of their administrative action, it is conceivable the Repeal Rule's effective date may be delayed, thereby prolonging the uneven application of the definition of "waters of the United States." Notably, a number of important recent policy changes that were ultimately allowed by higher courts were initially enjoined. *See, e.g., Barr v. East Bay Sanctuary Covenant*, No. 19A230, 2019 WL 4292781 (U.S. Sept. 11, 2019) (granting a stay of a district court order enjoining a government asylum policy); *Trump v. Sierra Club*, No. 19A60, 2019 WL 3369425 (U.S. July 26, 2019) (granting a stay of a district court order enjoining border wall construction). This could occur again.

In light of the change in circumstances, the Court's concern about disrupting the administrative process no longer applies and both factors of the balance of equities test weigh in favor of vacating the 2015 Rule. *See Black Warrior Riverkeeper, Inc.*, 781 F.3d at 1290. Thus, vacatur to these parties is warranted.

## II.     The Case Is Not Presently Moot.

The Agencies agree that the requests for vacatur are, at least at this time, not moot. First, the Repeal Rule does not go into effect until 60 days after publication in the Federal Register, which has not yet occurred. *See* Repeal Rule at 2. Certain Intervenor-Plaintiffs or their members remain subject to the legal requirements of the 2015 Rule. *See* Intervenor-Pls.' Mot. for Reconsideration at 9. Thus, the Court can provide relief now to the Intervenor-Plaintiffs and their members and ensure that the 2015 Rule does not impact them before the Repeal Rule goes into effect. *See, e.g., Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) ("[T]he 'test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.'") (citation omitted). The Agencies acknowledge their prior representation to the Court that this case would be moot when the Repeal Rule is final. *See* United States' Resp. to Pls.' and Intervenor-Pls.' Mots. for Summ. J. at 15, Dkt. No. 215. However, it is apparent now that given the present state of the Agencies' actions and experience with other related legal challenges regarding the definition of "waters of the United States" under the CWA, that point has not yet arrived.

Second, many parties, including potentially the Intervenor-Defendants in this case, will likely bring challenges to the Repeal Rule in which they will seek to enjoin the rule and reinstate the 2015 Rule. For example, one of the Intervenor-Defendants presently before the Court and other parties previously challenged the Agencies' rule seeking to extend the applicability date of

the 2015 Rule.  *See, e.g., Natural Res. Def. Council, Inc., et al. v. EPA, et al.*, Case No. 1:18-cv-1048 (S.D.N.Y.).  Furthermore, on the day the Repeal Rule was published, the Southern Environmental Law Center, which represents the Intervenor-Defendants in this case, issued a press release stating its expectation that "[t]he repeal rule's finalization sets the stage for future legal challenges."  *See* https://www.southernenvironment.org/news-and-press/press-releases/administrations-repeal-of-clean-water-act-protections-is-another-giveaway-to-polluters (last visited September 23, 2019).  While a press release is not the same thing as an actual lawsuit, it is at least some indication that some parties presently before the Court in this action may seek to vacate the Repeal Rule and reinstate the 2015 Rule.

Intervenor-Defendants may argue that this Court should instead hold this case in abeyance until challenges to the Repeal Rule are resolved.  Abeyance is not an appropriate response to Plaintiffs' and Intervenor-Plaintiffs' motions.  Unlike some other challenges to the 2015 Rule pending in other courts, this Court already has reached the merits of the 2015 Rule and found it invalid.  Thus, abeyance would only delay the remedy to which Plaintiffs and Intervenor-Plaintiffs are entitled.  And no judicial or party resources would be saved by merely putting off for another day the ministerial step of converting the judgment in this case to vacatur.[6]

---

[6] The United States' position supporting dismissal of challenges to the Clean Power Plan ("CPP") is not inconsistent with its position here.  In that case, no party sought a stay of the new repeal rule, so the repeal went into effect as scheduled on September 6, 2019, *see* 84 Fed. Reg. 32,520 at 32,520.  And, it was only after that effective date that the court dismissed challenges to the CPP. Order, *State of W. Virginia, et al. v. EPA, et al*., No. 15-1363 (D.C. Cir. Sept. 17, 2019).  Further, and unlike this case, all challenges to the CPP and the rule repealing and replacing it were required by statute to be brought before the D.C. Circuit, so that a single court has full authority to decide all aspects of equitable relief involving the two rules.

In short, while the Agencies stand strongly behind the Repeal Rule, this case is not yet moot. The Agencies now agree with this Court's conclusions regarding the illegality of the 2015 Rule and have concluded their administrative process regarding the Repeal Rule. Thus, vacatur of the 2015 Rule is now appropriate.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion and vacate the 2015 Rule.

Respectfully submitted,

DATED: OCTOBER 1, 2019

BOBBY L. CHRISTINE
United States Attorney

PATRICK J. SCHWEDLER
Assistant United States Attorney
Georgia Bar No. 812312
Patrick.Schwedler@usdoj.gov

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

  /s/ *Phillip R. Dupré*
ERICA ZILIOLI
PHILLIP DUPRÉ
Trial Attorneys
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044
Telephone: (202) 514-6390 (Zilioli)
                (202) 616-7501 (Dupré)
Facsimile: (202) 514-8865
Erica.Zilioli@usdoj.gov
Phillip.R.Dupre@usdoj.gov

*Counsel for the Agencies*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2019, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Phillip R. Dupré*