# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

|   |   |
|---|---|
| STATE OF GEORGIA, *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | )<br>)     Case No. 2:15-cv-79 |
| AMERICAN FARM BUREAU FEDERATION, *et al.*, | )<br>)<br>) |
| *Intervenor-Plaintiffs*, | )<br>) |
| v. | )<br>) |
| ANDREW WHEELER, *et al.*, | )<br>) |
| *Defendants*. | )<br>) |

**BUSINESS PLAINTIFFS-INTERVENORS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR TO ALTER OR AMEND THE JUDGMENT**

## INTRODUCTION

This Court should grant the Business Plaintiffs-Intervenors' motion (Dkt. 262) for reconsideration of, or to alter or amend, that part of the Court's judgment that remanded the 2015 WOTUS Rule to the U.S. Army Corps of Engineers and the U.S. Environmental Protection Agency (together, "the agencies") for further proceedings without vacating the Rule. We explained that vacatur is warranted because the WOTUS Rule is unlawful and the problems that this Court identified with the Rule, as well as the agencies' ongoing proceedings to repeal and replace that Rule, establish that there is no likelihood that the Rule will be re-issued in remotely similar substantive form. Dkt. 262 at 7-9. Additionally, because the WOTUS Rule is currently enjoined in over half the country, regulated industries must navigate a patchwork regulatory environment in the absence of vacatur. *Id*. at 9-10. Therefore, the equities require that the WOTUS Rule be vacated. *Id*. at 10-11. The Plaintiff States filed a similar motion requesting vacatur of the WOTUS Rule. Dkt. 265.

In response, the agencies *agree* that vacatur of the WOTUS Rule is the proper remedy. Dkt. 274. They concede that the WOTUS Rule "was unlawful on both substantive and procedural grounds," and explain that because of those flaws, they subsequently issued the Repeal Rule to repeal the WOTUS Rule and reinstate the regulatory regime that was in place prior to the WOTUS Rule. *Id*. at 1-2. They also acknowledge that vacatur "will reduce disruption and promote regulatory certainty" and that "conversion of this Court's order from remand to vacatur will have meaningful legal and practical effect for Plaintiffs and Intervenor-Plaintiffs." *Id*. at 2-3. In sum, "vacatur is appropriate." *Id*. at 3.

Unable to articulate a reason why, under the applicable legal standard, vacatur is not the proper remedy, the Defendants-Intervenors instead argue that this Court should decline to rule on the motions for reconsideration and instead hold the case in abeyance. Dkt. 273. The Court should deny that request and vacate the WOTUS Rule because a stay of these proceedings at this point will harm the Business Plaintiffs-Intervenors, will not benefit Defendants-Intervenors, and will not save judicial resources.

## ARGUMENT

**I.     This Court should vacate the WOTUS Rule.**

When a court determines that an agency rule has been promulgated in violation of the APA, "vacatur . . . is the ordinary APA remedy." *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 781 F.3d 1271, 1290 (11th Cir. 2015) (internal quotation marks omitted). A court should decline to vacate an invalid rule only in rare circumstances, such as where "there is at least a serious possibility that the [agency] will be able to substantiate its decision on remand" and "the consequences of vacating may be quite disruptive." *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993); *see Black Warrior Riverkeeper*, 781 F.3d at 1290 (relying on *Allied-Signal*). In their motion, the Business Plaintiffs-Intervenors explained why remand without vacatur is not justified under *Black Warrior Riverkeeper* and *Allied-Signal*, and now the agencies agree. For their part, Defendants-Intervenors do not argue that remand without vacatur is appropriate under this test. Therefore, the Business Plaintiffs-Intervenors' motion should be granted and the WOTUS Rule should be vacated.

## II. Defendants-Intervenors' request for a stay should be denied.

Rather than address the vacatur issue, Defendants-Intervenors ask this Court to hold the case in abeyance and not rule on the motions for reconsideration. Dkt. 273 at 2-6. A district court "has broad discretionary authority in determining whether a stay is appropriate." *Wheeler v. Novarti S Pharmaceutic. Corp.*, 2012 WL 12929754, *1 (S.D. Ga. Apr. 18, 2012). But "'[t]he Court should not exercise its power to stay proceedings lightly.'" *Cincinnati Ins. Co. v. Thunderbolt Harbor Phase II Condo. Ass'n, Inc.*, 2015 WL 4075148, *1 (quoting *Markel Int'l Ins. Co. v. O'Quinn*, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008)). In deciding whether to grant a stay, "a court may consider the prudential advantages of a stay, 'but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted.'" *Id.* (quoting *Pise v. Express Marine, Inc.*, 2008 WL 2163920, *3 (S.D. Ala. May 19, 2008)); *see U.S. for Use and Benefit of TSI Tri-State Painting, LLC v. Fed. Ins. Co.*, 2016 WL 7385715, *4 (S.D. Ga. Dec. 20, 2016). On those standards, no stay of proceedings is appropriate here.

*First*, a stay of the proceedings without consideration of the motions seeking vacatur of the WOTUS Rule will be prejudicial to the Business Plaintiffs-Intervenors. The WOTUS Rule is enjoined in roughly half of the states as the result of several challenges across the country; in the other states and the District of Columbia, the WOTUS Rule is in effect. Dkt. 261 at 10. Some of the Business Plaintiffs-Intervenors' members operate nationwide and own and work on real property that includes features that may qualify as waters of the United States under the WOTUS Rule, but not under the prior regime. *See* Dkt. 178 at 14-15. Because there is a regulatory patchwork, these multi-state actors must attempt to comply

4

with different rules in the states where they operate. As a practical matter, this patchwork makes planning for use of these actors' land impossible and seriously affects their day-to-day operations. Indeed, they may own or work on a parcel that crosses state borders, but in one state they would be subject to the WOTUS Rule and not so in the adjacent state. And national organizations, like the Business Plaintiffs-Intervenors, face difficulties in advising members when rules do not apply nationwide.

This prejudice exists notwithstanding the issuance of the Repeal Rule. As the agencies explain, the Repeal Rule will not be effective for 60 days after it is published in the Federal Register, and that has not yet occurred. Dkt. 274 at 11. Further, as the agencies also explain, the Repeal Rule will undoubtedly be subject to immediate challenges and attempts to enjoin its effectiveness. *Id*. at 11-12. Therefore, a very real possibility remains that a court may stay the operation of the Repeal Rule for some indefinite amount of time. In that situation, absent vacatur, the WOTUS Rule will spring back to life and the only way to prevent that, and guarantee the regulatory certainty that the regulated industry needs, is to vacate the WOTUS Rule.

*Second*, Defendants-Intervenors do not argue that they would suffer any prejudice if the stay is denied. As discussed, this Court "must . . . examine the relative prejudice and hardship worked on each party if a stay is or is not granted." *Cincinnati Ins. Co.*, 2015 WL 4075148, *1 (internal quotation marks omitted). While the Business Plaintiffs-Intervenors and their members face a substantial risk of continuing harm due to the uncertainty and difficulty posed by the regulatory patchwork, Defendants-Intervenors offer no suggestion

that they would suffer harm if the stay is denied. Because the "relative prejudice and hardship" weighs more heavily on Plaintiffs, the motion for stay should be denied.

*Third*, Defendants-Intervenors' assertion that the Court should grant the stay for "prudential reasons" is unpersuasive. Dkt. 273 at 3. They begin by arguing that "there is no reason to expend judicial resources and litigant expense to decide questions that will soon become moot." *Id*. But this argument is wrong for several reasons. To start, this Court has already addressed the merits of the challenges to the WOTUS Rule in a lengthy decision. Dkt. 261. All that remains are the motions to reconsider, which are fully briefed and present a narrow point (whether to vacate the invalidated rule)—a point that is uncontested by the agencies and not addressed by the Defendants-Intervenors. Resolution of those motions will require no more judicial resources than resolution of the motion to stay. And even if there were some minimal judicial economy to be gained by granting the stay, it is outweighed by the prejudice to the Plaintiffs.

Further, the question of whether the WOTUS Rule should be vacated will not soon become moot. The Repeal Rule will not take effect for more than two months, and the Business Intervenors-Plaintiffs will continue to suffer from the non-uniform regulatory scheme in that months-long period. Additionally, once the effective date of the Repeal Rule does finally arrive, it is a certainty that the rule will be challenged and parties will seek to enjoin it. *See* Dkt. 274 at 10. For this reason, the agencies explain that "it is conceivable the Repeal Rule's effective date may be delayed, thereby prolonging the uneven application of the definition of 'waters of the United States.'" *Id*.

To that end, the agencies note that "a number of important recent policy changes that

were ultimately allowed by higher courts were initially enjoined." *Id.* (citing examples). And recent experience with federal administration regulations and initiatives shows that, as a practical matter, once the regulation or initiative becomes effective, parties will file suit in multiple courts throughout the country and move for interlocutory injunctions. This situation has played out repeatedly in recent years, including with challenges to rescission of the Deferred Action for Childhood Arrivals ("DACA") program, *see Vidal v. Nielsen*, No. 1:16-cv-04756, Dkt. 255 (E.D.N.Y. Feb. 13, 2018) (granting preliminary injunction); *Regents of the Univ. of Calif. v. U.S. Dep't of Homeland Security*, No. 3:17-cv-05211, Dkt. 234 (N.D. Cal. Jan. 9, 2018) (same); regulations regarding the Contraceptive Mandate under the Affordable Care Act, *see Pennsylvania v. Trump*, No. 2:17-cv-04540, Dkt. 136 (E.D. Pa. Jan. 14, 2019) (granting preliminary injunction); and regulations regarding asylum rules, *see East Bay Sanctuary Covenant v. Barr*, No. 19-cv-04073, Dkt. 73 (N.D. Cal. Sept. 9, 2019) (granting preliminary injunction), to name just a few.

Therefore, this case is not about to become moot because the Court can still grant effective relief to Plaintiffs. "[A] case becomes moot when the reviewing court can no longer offer any effective relief to the claimant." *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 733 (11th Cir. 2018). This Court can of course grant effective relief in the form of vacatur before the Repeal Rule's effective date because the WOTUS Rule is still operating in half of the country. And the Court can grant effective relief after the Repeal Rule's effective date because it will certainly be challenged and may be enjoined, and in that case the unlawful WOTUS Rule will spring back to life unless it is vacated. Defendants-Intervenors even concede that if the Repeal Rule is enjoined, Plaintiffs can return to this Court and seek to lift

any stay. Dkt. 273 at 5-6. This acknowledgment that the promulgation of the Repeal Rule does not eliminate the risk of harm to Plaintiffs establishes that this Court would be able to grant effective relief after the Repeal Rule's effective date, and that in turn establishes that the Repeal Rule will not moot this case.

In support of their argument, Defendants-Intervenors rely on a stay issued by a Florida district court in light of the pending promulgation of the Repeal Rule. Dkt. 273 at 3-4 (citing *Se. Stormwater Ass'n, Inc. v. EPA*, 4:15-cv-579, Dkt. 89 (N.D. Fla. Sept. 22, 2019)).[1] But from a judicial economy or prudential perspective, that case is in a very different posture than this one. There, as the agencies in that case explained, the district court had not ruled on the parties' motions for summary judgment, and supplemental briefing on those motions was required before the court reached the merits. Dkt. 273, Ex. B at 4. Here, by contrast, the Court has already found the WOTUS Rule is unlawful and need only address the short, fully-brief motions for reconsideration to decide the narrow vacatur issue, which would require considerably fewer judicial resources than necessary to resolve the issues remaining in the Florida case.

Defendants-Intervenors' request for a stay establishes only that they want the chaos that now reigns from leaving the unlawful WOTUS Rule in place to continue. The regulatory uncertainty that situation creates paralyzes business planning, leaving projects unbuilt and

---

[1] Defendants-Intervenors also argue that some of the Plaintiffs here argued in favor of dismissal of the challenges to the Clean Power Plan as moot once the rule repealing it was published in the Federal Register. Dkt. 273 at 4-5. But Defendants-Intervenors do no suggest that there was the same type of prejudicial regulatory patchwork in place as there is here, both pending the effectiveness of the repeal rule and if the repeal rule were enjoined. To the contrary, all challenges to the Clean Power Plan and the repeal and replacement rules had to be brought in the D.C. Circuit, so there was no risk of inconsistent application of different sets of rules nationwide, as has occurred with the WOTUS Rule.

land unused—precisely the goal of those who promote turning every damp patch of land into a water of the United States. Vacating the WOTUS Rule would provide as a uniform national base the familiar regulatory regime that has been in place for more than a decade, while litigation over new rules proceeds and appeals play out.

A stay will harm the Business Plaintiffs-Intervenors, but denial of the stay will not harm Defendants-Intervenors. Any hypothetical judicial economy to be realized by a stay is speculative at best, but what is not speculative is the propriety of vacating the invalid WOTUS Rule under the standards set forth in *Black Warrior Riverkeeper* and *Allied-Signal*.

## CONCLUSION

For these reasons, Business Plaintiffs-Intervenors request that this Court deny the request to hold the proceedings in abeyance and reconsider or alter or amend its judgment to reflect that the WOTUS Rule is vacated and remanded to the agencies for further proceedings.

Dated: October 4, 2019                             Respectfully submitted,

*/s/ Timothy S. Bishop*

Timothy S. Bishop*
  MAYER BROWN LLP
  71 South Wacker Drive
  Chicago, IL 60606
  (312) 782-0600 (tel.)
  (312) 701-7711 (fax)
  tbishop@mayerbrown.com

Mark D. Johnson
Georgia Bar No. 395041
  Gilbert, Harrell, Sumerford & Martin, P.C.
  777 Gloucester Street, Suite 200
  Brunswick, Georgia 31520
  (912) 265-6700 (tel.)

(912) 264-0244 (fax)  
mjohnson@gilbertharrelllaw.com

*Counsel for Business Plaintiffs-Intervenors*  
*\* pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 4, 2019, I filed and thereby caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of Georgia on all parties registered for CM/ECF in the above-captioned matter.

*/s/ Timothy S. Bishop*
*Counsel for Business Plaintiffs-Intervenors*