IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STATE OF GEORGIA, *et. al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>ANDREW WHEELER, *et. al.*<br><br>　　　　　　　Defendants | Case No.: 2:15-cv-00079-LGW-BWC |

**DEFENDANT-INTERVENORS' MOTION TO HOLD CASE IN ABEYANCE**

This case involves a challenge to the Clean Water Rule. On September 12, 2019, the Environmental Protection Agency and the U.S. Army Corps of Engineers (the Agencies) announced that they had finalized and signed the repeal of the challenged Rule.[1] The Repeal Rule will imminently be published in the Federal Register and will become effective sixty days after publication. *See* 5 U.S.C. § 801(a)(3)(A) (noting effective date of "major" rules). In light of the repeal, the Court should hold the case in abeyance for 75 days or until the repeal goes into effect, whichever comes first. If, at that time, there is a dispute about whether the case is moot, the parties can file briefs addressing the issue if briefing would be helpful to the Court.

**STANDARD OF REVIEW**

The Court has broad discretion to stay proceedings to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

---

[1] *See* EPA, *Definition of "Waters of the United States" – Recodification of Pre-Existing Rules*, https://www.epa.gov/wotus-rule/definition-waters-united-states-recodification-pre-existing-rules-pre-publication-version (last visited Oct. 14, 2019). The rule was submitted to the Federal Register for publication on September 18, 2019. *Or. Cattlemen's Ass'n v. U.S. Env'tl Protection Agency*, 3:19-cv-00564, Joint Status Rpt., ECF No. 68 at ¶ 5 (D. Or. Oct. 1, 2019).

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir.1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the case before them."); *Fitzer v. Am. Inst. of Baking, Inc.*, No. CV 209-169, 2010 WL 1955974, at *1 (S.D. Ga. May 13, 2010) ("A district court therefore has broad discretionary authority in determining whether a stay is appropriate.").

## ARGUMENT AND CITATION OF AUTHORITIES

The Repeal Rule will be published in the Federal Register imminently and will become effective sixty days after publication. There is no reason for the Court or the parties to expend finite resources resolving disputes that will soon become moot. The Court should hold the case in abeyance. *See, e.g.*, *In re Aiken Cty.*, No. 11-1271, 2012 WL 3140360, at *1 (D.C. Cir. Aug. 3, 2012) (Kavanaugh, J., concurring) (holding case in abeyance when "case may soon be mooted by Congress's actions"); *Ga. Power Co. v. Charter Commc'ns, LLC*, No. 1:11-CV-4461-MHS, 2013 WL 12247041, at *5 (N.D. Ga. Oct. 10, 2013) (staying resolution of claims that "may become moot depending on the resolution of [agency] proceedings"); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:03-CV-580-JEC, 2005 WL 8154411, at *1 (N.D. Ga. Nov. 15, 2005) (staying action so that "the Court and the parties will be spared the expense attendant to litigating a case that may subsequently be mooted or resolved . . . ."); *Larios v. Perdue*, 306 F. Supp. 2d 1190, 1201 (N.D. Ga. 2003) (staying resolution of claims that were "reasonably likely" to become moot in the near future); *Tomlin v. United States*, No. 16-60317-Civ-Rosenberg, 2017 WL 2574161, at *3 (S.D. Fla. Jan. 12, 2017) (Mag. J., report and recommendation), *adopted by* 2017 WL 2590176 (S.D. Fla. Jan. 31, 2017) (collecting cases and noting "[s]tays have also been granted by courts when the issues presented might be otherwise mooted"); *Morrissey v. Subaru of Am., Inc.*, No. 1:15-CV-21106-KMM, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015)

(staying case because "[i]t would promote judicial economy and efficiency by avoiding the litigation of issues that may become irrelevant or moot"); *Atl. States Legal Found., Inc. v. Tyson Foods, Inc.*, 682 F. Supp. 1186, 1190 (N.D. Ala. 1988) (staying Clean Water Act citizen suit until upgraded wastewater facility was operational given the possibility that action would become moot when upgraded system was operational); *see also Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 113 (D.C. Cir. 2016) (applying the "perfectly uncontroversial and well-settled principle of law" that "when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot"); *West Virginia v. U.S. Env'tl Protection Agency*, No. 15-1363, Order Dismissing Case as Moot, ECF No. 1806952 (D.C. Cir. Sept. 17, 2019) (*en banc*) (dismissing challenge to repealed rule as moot, despite newly filed challenges to repeal itself); *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1335 (11th Cir. 2005) (repeal or amendment of a regulation ordinarily moots legal challenges to repealed regulation); *Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 87-88 (D.D.C. 2018) (holding that replacement of challenged agency action mooted case); Wright and Miller, 13C Federal Practice and Procedure § 3533.6 at n. 53 (collecting cases and noting the same).

As discussed in the Conservation Groups' Response to Plaintiffs' Motions for Reconsideration, this is the approach the Northern District of Florida recently took in a similar case involving a challenge to the Clean Water Rule. *See Se. Stormwater Ass'n, Inc. v. U.S. Env'tl Protection Agency*, 4:15-cv-579-MW-CAS, Order Holding Case in Abeyance, ECF No. 89 (N.D. Fla. Sept. 22, 2019). In that case, the court ordered that the case be held in abeyance for 75 days at the behest of the Agencies, who argued, "[w]hile this case is not yet jurisdictionally moot, abeyance of this case is appropriate until such time as the case may become moot." *Id.*, Joint Position Statement, ECF No. 88 at 4 (N.D. Fla. Sept. 20, 2019).

3

The District of Oregon also adopted this approach. *Or. Cattlemen's Ass'n*, 3:19-cv-00564, Scheduling Order, ECF No. 69 (D. Or. Oct. 4, 2019); *see also id.*, Order from USCA for the 9th Circuit, ECF No. 70 (corresponding stay of appellate proceedings). Like the Florida case, in *Oregon Cattlemen's Association*, the Agencies proposed that the Court stay the case until 75 days after publication of the Repeal Rule. *Id.*, Joint Status Report, ECF No. 68 at ¶ 7 (D. Or. Oct. 1, 2019).

Plaintiffs' arguments against holding the case in abeyance are unpersuasive. First, contrary to Plaintiffs' arguments, proceeding with a challenge to a repealed rule would waste the parties' and the Court's resources. *Contra* Industry Intervenors' Reply in Support of Motion for Reconsideration, ECF No. 275, at 3 (arguing that because motions for reconsideration are fully briefed, a stay "will not save judicial resources"). Although Plaintiffs' Motions are briefed, the Court must still consider and decide a critical aspect of the case: remedy. Determining a proper remedy and vacating an administrative rule nationwide are not simply "ministerial step[s]," as the Agencies and Plaintiffs suggest. *See* Agencies' Response to Plaintiffs' Motions for Reconsideration, ECF No. 274, at 12.

Second, holding the case in abeyance would not prejudice Plaintiffs or the Agencies. Although Industry Intervenors complain that the Clean Water Rule will impose "far-reaching and deleterious impacts" on industry groups during the short period until the repeal is effective, ECF No. 263 at 5, they have not identified any specific harm or prejudice they will suffer in the short period between now and the repeal's effective date, despite having operated under the Clean Water Rule, at least in some states, for over a year.[2] *See, e.g.*, *Ga. Power Co.*, 2013 WL

---

[2] In fact, Industry Intervenors made public statements to the contrary the day the Repeal Rule was announced. *See, e.g.*, National Association of Manufacturers (NAM) News Room, *EPA Washes Away Controversial Waters Rule*, NAM (Sept. 16, 2019), https://www.nam.org/epa-

4

12247041, at *5 (granting stay where, *inter alia*, the stay "would not unduly prejudice" the plaintiff). Industry Intervenors claim they are harmed by the "patchwork regulatory regime," but they offer no evidence of specific harm and no explanation of why a "patchwork" is inherently harmful. Businesses and trade organizations routinely comply with different state regulations.

Similarly, State Plaintiffs cannot complain that they will be prejudiced between now and the repeal's effective date, as the Court's preliminary injunction remains in place. Nor can the Agencies complain that they will be prejudiced by a stay. As discussed above, the Agencies sought an identical stay to the one they now oppose in at least two other district courts. More importantly, the Agencies control the timing of the Repeal Rule's publication. It would be improper for them to use the fact that the Repeal Rule has not yet been published to argue against a stay.

Third, the Court has broad discretion to hold the case in abeyance for prudential reasons where doing so would not unduly disadvantage the parties. *See Fitzer*, 2010 WL 1955974, at *1-2. Industry Intervenors cite *Cincinnati Ins. Co. v. Thunderbolt Harbour Phase II Condominium Ass'n, Inc.*, No. CV 414-222, 2015 WL 4075148, at *1 (S.D. Ga. July 1, 2015), for the proposition that the court may not grant a stay unless the movant shows harm from lack of a stay. Business Plaintiffs-Intervenors' Reply in Support of Motion for Reconsideration, ECF No. 275, at 5–6. In that case, however, the Court's decision not to stay the case did not turn on lack of harm to the movant. Instead, the Court denied the movant's request for a stay pending the

---

washes-away-controversial-waters-rule-5847/?stream=policy-legal ("This decision by the EPA clears away a vague and onerous rule . . . . *With the 2015 WOTUS rule now rescinded*, the NAM is continuing its work to provide policy insight and expertise for a new version of the rule . . . ." (emphasis added)); *Statement from National Association of Home Builders (NAHB) Chairman Greg Ugalde on Repeal of Obama-Era WOTUS Rule*, NAHB (Sept. 12, 2019), https://www.nahb.org/news-and-publications/press-releases/2019/09/nahb-chairman-on-repeal-of-obama-era-wotus-rule.aspx ("By repealing the 2015 rule, *the EPA and Corps have finally provided consistency among all 50 states* . . . . (emphasis added)).

outcome of other litigation because "the two actions [did] not present the same issues." *Id.* at *2. Indeed, this Court has granted motions to stay without any mention of harm to the movant where, as here, there are practical reasons to grant a stay and doing so would not unduly prejudice either party. *Fitzer*, 2010 WL 1955974, at *2.

Fourth, as discussed in the Conservation Groups' Response to Plaintiffs' Motions for Reconsideration, Plaintiffs' concern that the Clean Water Rule might "spring back to life," ECF No. 275 at 5, is not a basis to proceed during the short interim period between now and the repeal's effective date. The Conservation Groups are requesting a stay of limited duration: 75 days or until the effective date of the repeal, whichever comes first. Although case law and common sense hold otherwise, if, once the repeal becomes effective, Plaintiffs believe the case is not moot,[3] they may argue their position at that time.

Finally, although the State Plaintiffs argue that the Court has rejected similar arguments at earlier stages of the litigation, ECF No. 277 at 2–3, the posture here is fundamentally different. The Repeal Rule has been signed, finalized, and submitted to the Federal Register for publication. There is simply no basis to continue litigating challenges to the Clean Water Rule at this point.

---

[3] As explained in the Conservation Groups' Response to Plaintiffs' Motions for Reconsideration, Plaintiffs' position on this issue directly contradicts the position that many of the same plaintiffs took just two months ago in similar litigation. That case challenged a 2015 EPA rule called the "Clean Power Plan" that was repealed and replaced in June 2019. Plaintiffs in that case, including Georgia, West Virginia, Alabama, Florida, Indiana, Kansas, South Carolina, Utah, Kentucky, American Forest & Paper Association, NAHM, and National Mining Association, argued that challenges to the 2015 Rule were moot on the date the repeal was published in the Federal Register. They argued, "[Even though the repeal is not yet effective,] EPA has definitively 'rescinded and replaced [the] challenged regulation,' and the Court should follow the 'perfectly uncontroversial and well-settled principle of law' and find that these cases are now moot." *West Virginia v. U.S. Env'tl Protection Agency*, No. 15-1363, Reply in Support of Motion to Dismiss, ECF No. 1800343 (D.C. Cir. Aug. 1, 2019) (citing *Akiachak Native Cmty.*, 827 F.3d at 113).

## CONCLUSION

For the reasons addressed above, the Court should hold Plaintiffs' Motions in abeyance for 75 days or until the repeal is effective, whichever comes first. At that time, the parties can brief whether the case is moot.

Respectfully submitted this 16th day of October,

                *s/ Catherine M. Wannamaker*
                Georgia Bar No. 811077
                Southern Environmental Law Center
                463 King Street, Suite B
                Charleston, SC 29403-5270
                (843) 720-5270
                *cwannamaker@selcsc.org*

                *s/ J. Blanding Holman IV*
                *Admitted pro hac vice*
                Southern Environmental Law Center
                463 King Street, Suite B
                Charleston, SC 29403-5270
                (843) 720-5270
                *bholman@selcsc.org*

                *s/ Megan Hinkle Huynh*
                *Admitted pro hac vice*
                Georgia Bar No. 877345
                Ten 10th Street NW, Suite 1050
                Atlanta, GA 30309
                (404) 521-9900
                *mhuynh@selcga.org*

                Counsel for Intervenor Defendants National
                Wildlife Federation and One Hundred Miles

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2019, I electronically filed the foregoing *Defendant Intervenors' Motion to Hold Case in Abeyance* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

*s/ Megan Hinkle Huynh*

Counsel for Defendant-Intervenors National Wildlife Federation and One Hundred Miles