IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| STATE OF GEORGIA, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>ANDREW R. WHEELER, in his official capacity as Administrator, U.S. Environmental Protection Agency, et al.,<br><br>            Defendants. | Case No. 2:15-cv-00079 |

**FEDERAL DEFENDANTS' RESPONSE TO DEFENDANT-INTERVENORS'
MOTION TO HOLD CASE IN ABEYANCE**

Defendant-Intervenors' Motion to Hold Case in Abeyance (Dkt. No. 278) (hereinafter "Motion") is notable for the two points it does not make. First, in neither this Motion nor their brief opposing reconsideration (Dkt. No. 273) do Defendant-Intervenors dispute that vacatur—rather than remand—is, as a legal matter, an appropriate remedy for the violations this Court previously identified, especially in light of the legal infirmities that the Agencies themselves identified in the 2015 Rule. Second, Defendant-Intervenors do not dispute that this case is currently justiciable, *i.e.*, it is *not moot*. Thus, the crux of their argument is that this Court should decline to reconsider its remedy of remand without vacatur because the case *may* become moot.

The United States Environmental Protection Agency and Department of the Army (collectively, "the Agencies") addressed mootness directly in their brief in support of reconsideration. *See* Defs.' Resp. to Mots. for Recons. at 11-13, Dkt. No. 274 (Oct. 1, 2019). There, the Agencies acknowledged that this case may become moot. *Id.* But given the history of litigation over the definition of "waters of the United States" and the likelihood that there will be challenges to the Repeal Rule, justiciable mootness—even after the effective date of the Repeal

Rule—is not certain. Indeed, parties to existing challenges to the 2015 Rule may attempt to challenge the Repeal Rule once it is published in the Federal Register and seek a nationwide preliminary injunction of the Repeal Rule.

Because all parties agree that this case is not presently moot and the record supports vacatur, this Court should deny Defendant-Intervenors' motion to hold the case in abeyance, rule on Plaintiffs' reconsideration motions, and revise its remedy from remand without vacatur to vacatur of the 2015 Rule.

## ARGUMENT

Defendant-Intervenors' primary argument in favor of abeyance is that the Court and the parties should not "expend finite resources resolving disputes that will soon become moot."[1] Motion at 2. This argument is unavailing. Nowhere in their Motion do Defendant-Intervenors identify what additional resources would be expended by the parties on reconsideration motions that are fully briefed. And although the Agencies recognize that this Court, rather than the parties before it, best understands how to allocate its own judicial resources, Defendant-Intervenors' request for abeyance to save judicial resources, Motion at 2, 4, rings hollow in light of the actual reconsideration motions before the Court. Those motions present the narrow issue of whether the remedy should be changed from remand to vacatur. Since no party disputes that vacatur is appropriate in light of the legal violations the Court identified in the 2015 Rule, changing this Court's remedy to vacatur requires little more than a ministerial order. If anything, the Court and parties are needlessly consuming resources by addressing Defendant-Intervenors' Motion, which largely restates the position Defendant-Intervenors took in opposition to the

---

[1] Defendant-Intervenors also argue that the Plaintiff-Intervenors "have not identified any specific harm or prejudice they will suffer in the short period between now and the repeal's effective date" and that Plaintiffs would not be disadvantaged by abeyance. Motion at 4-5. Federal Defendants will defer to Plaintiffs to address these points.

2

motions for reconsideration.  *See* Def.-Intervenors' Resp. to Mots. for Recons. at 2-6, Dkt. No. 273 (Oct. 1, 2019).

In support of their request, Defendant-Intervenors cite two cases involving challenges to the 2015 Rule in which the Agencies—in response to court orders to address justiciability questions—proposed abeyance as a practical and efficient path forward.  *See* Motion at 3-4 (citing *Se. Stormwater Ass'n, Inc. v. EPA,* 4:15-cv-579-MW-CAS (N.D. Fla.), and *Or. Cattlemen's Ass'n v. EPA*, 3:19-cv-00564 (D. Or.)).  But those cases involve facts and circumstances not present here.

In *Southeast Stormwater*, the court has not yet ruled on the parties' motions for summary judgment, which was the explicit reason the Agencies gave in support of their request for abeyance in their portion of a joint submission:

> Defendants have completed a comprehensive notice-and-comment rulemaking process, and now believe that the 2015 rule is invalid.  Since the Court has not yet issued a ruling on the pending summary judgment motions, ECF Nos. 69 & 72, time- and resource-consuming supplemental briefing would be necessary for Defendants to present the United States' new positions on the 2015 rule, as set forth in the Repeal Rule.  This may be unnecessary.  Rather than engaging in a new round of briefing, abeyance is appropriate at this time.

Def.-Intervenors' Resp. to Mots. for Recons., Ex. B at 4, Dkt. No. 273-2 (Oct. 1, 2019) (herein after "Joint Submission").  Defendant-Intervenors ignore this difference in its entirety.

Similarly, the court has not yet ruled on summary judgment motions in the *Oregon Cattlemen's Association* case, nor has summary judgment briefing even been scheduled. Moreover, that case was *already stayed* when the parties submitted a joint status report proposing an extension of the stay until 75 days after publication of the Repeal Rule.  *Or. Cattlemen's Ass'n v. EPA*, 3:19-cv-00564, Joint Status Report, Dkt. No. 68 (D. Or. Oct. 1, 2019). In short, the procedural posture of that case, where summary judgment motions have not even

3

been filed, is completely different than this case, where the Court has already issued a comprehensive summary judgment ruling and the sole outstanding issue is the appropriate remedy.

The Agencies have taken a consistent legal position regarding whether challenges to the 2015 Rule are currently moot—they are not—in every district court where such challenges are being heard. *See*, *e.g*., Joint Submission at 3 (stating in *Southeast Stormwater* "[a] justiciable issue remains in this case"). There is, of course, no bright-line legal standard for when a court should hold a case in abeyance, but it is instead a decision entrusted to the discretion of a district court. *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Accordingly, there is nothing improper with the Agencies suggesting different paths forward in different challenges to the 2015 Rule based upon the unique procedural posture of each case.

Here, the Agencies oppose abeyance because this Court has already ruled on the validity of the 2015 Rule. The narrow question raised by the reconsideration motions is whether the relief granted for the legal infirmities this Court identified is appropriately one of vacatur. As explained in the Agencies' response to the reconsideration motions, while remand without vacatur can be an appropriate remedy where vacatur would be disruptive and the noted flaws can likely be remedied by an agency, neither is the case here. Defs.' Resp. to Mots. for Recons. at 8-11, Dkt. No. 274 (Oct. 1, 2019). Because the Agencies have repealed the 2015 Rule, there is no risk of disrupting the already-concluded administrative process and there is no prospect that the 2015 Rule can be fixed on remand.

Defendant-Intervenors' comparison to the Clean Power Plan litigation, Motion at 6, n.3, is also inapt. There, and unlike here, the petitioners themselves moved for dismissal of their challenge. More significantly, the Affordable Clean Energy Rule really consists of three rules: (1) a Clean Power Plan repeal rule, (2) a Clean Power Plan replacement rule, and (3) certain procedural rules for future implementation. And although petitions for review of the Affordable Clean Energy Rule repealing and replacing the Clean Power Plan had been filed when the United States agreed to dismissal of the case, no party sought a stay of the Affordable Clean Energy Rule, so both the repeal and replacement went into effect as scheduled on the same day, *see* 84 Fed. Reg. 32,520, 32,520 (Sept. 6, 2019). It was only after the new rules went into effect that the D.C. Circuit, on September 17, 2019, issued an order dismissing the Clean Power Plan challenges as moot. Order, *State of W. Virginia, et al. v. EPA, et al.*, No. 15-1363 (D.C. Cir. Sept. 17, 2019). Moreover, unlike this case, all challenges to the Clean Power Plan and the rule repealing and replacing it were required by statute to be brought before the U.S. Court of Appeals for the D.C. Circuit. Thus, a single court has full authority to decide all aspects of equitable relief involving those two rules, a situation that is decidedly unlike the situation here. The 2015 Rule is, and the Repeal Rule will be, subject to challenges in district courts nationwide with the potential for different case schedules and outcomes.

The specific history of the litigation over the definition of "waters of the United States" further illustrates why abeyance is not warranted in this case. After the Supreme Court held that challenges to the definition must be heard in federal district courts and not the courts of appeals, *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 624 (2018), the Agencies asked this Court to stay proceedings in light of the pending administrative proceedings and anticipated Repeal Rule. *See* Defs.' Mot. to Continue Stay of Litigation at 7-11, Dkt. No. 134 (Feb. 20, 2018). This

Court denied the request. Order, Dkt. No. 144 (Mar. 9, 2018). Thus, when the Applicability Date Rule, which postponed the effective date of the 2015 Rule, was vacated, this Court was in a position to rule on the Plaintiffs' challenges to the 2015 Rule. Like the Applicability Date Rule, the Repeal Rule will almost certainly be subject to legal challenge after publication in the Federal Register. Preliminary injunction motions will likely be filed. And while the Agencies are confident in the legality of their administrative action, it is conceivable the Repeal Rule's effective date may be delayed. Notably, a number of important recent policy changes that were ultimately allowed by higher courts were initially enjoined. *See, e.g., Barr v. East Bay Sanctuary Covenant*, No. 19A230, 2019 WL 4292781 (U.S. Sept. 11, 2019) (granting a stay of a district court order enjoining a government asylum policy); *Trump v. Sierra Club*, No. 19A60, 2019 WL 3369425 (U.S. July 26, 2019) (granting a stay of a district court order enjoining border wall construction). This could occur again. Given the minimal judicial resources required to provide permanent relief to the Plaintiffs, abeyance is not appropriate.

## CONCLUSION

For the foregoing reasons, this Court should deny the motion to hold the case in abeyance.

Respectfully submitted,

Dated: October 21, 2019

BOBBY L. CHRISTINE
United States Attorney

PATRICK J. SCHWEDLER
Assistant United States Attorney
Georgia Bar No. 812312
Patrick.Schwedler@usdoj.gov

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

6

/s/ *Erica Zilioli*
ERICA ZILIOLI
PHILLIP DUPRÉ
Trial Attorneys
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044
Telephone: (202) 514-6390 (Zilioli)
    (202) 616-7501 (Dupré)
Facsimile: (202) 514-8865
Erica.Zilioli@usdoj.gov
Phillip.R.Dupre@usdoj.gov

*Counsel for the Agencies*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

                                                  /s/ *Erica Zilioli*