# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| STATE OF GEORGIA, *et al.*, | ) <br> ) |
| *Plaintiffs*, | ) Case No. 2:15-cv-79 <br> ) |
| AMERICAN FARM BUREAU FEDERATION, *et al.*, | ) <br> ) <br> ) |
| *Intervenor-Plaintiffs*, | ) <br> ) |
| v. | ) <br> ) |
| ANDREW WHEELER, *et al.*, | ) <br> ) |
| *Defendants*. | ) <br> ) |

## BUSINESS PLAINTIFFS-INTERVENORS' RESPONSE TO DEFENDANT-INTERVENORS' MOTION TO HOLD CASE IN ABEYANCE

## INTRODUCTION

This Court should deny Defendants-Intervenors' motion to hold this case in abeyance for 75 days or until the Repeal Rule goes into effect, whichever is first. Dkt. 278. The Business Plaintiffs-Intervenors (Dkt. 262) and the Plaintiff States (Dkt. 265) moved for reconsideration of, or to alter or amend, that part of the Court's judgment that remanded the 2015 WOTUS Rule to the U.S. Army Corps of Engineers and the U.S. Environmental Protection Agency (together, "the agencies") for further proceedings without vacating the Rule. The agencies responded that they *agree* that vacatur of the WOTUS Rule is the proper remedy. Dkt. 274. Unable to articulate a reason why vacatur is not the proper remedy, Defendants-Intervenors responded that this Court should decline to rule on the motions for reconsideration and instead hold the case in abeyance. Dkt. 273. The Business Plaintiffs-Intervenors (Dkt. 274) and Plaintiff States (Dkt. 275) replied, explaining that, under the applicable legal standard, a stay is not justified because the Plaintiffs will be prejudiced by a stay, the Defendants will not be prejudiced if the stay is denied, and prudential considerations do not favor a stay.

Not content with asking for a stay once, Defendants-Intervenors have now filed a separate motion seeking the same relief. Dkt. 278. This duplicative request is nothing more than a delay tactic and wastes the very judicial resources Defendants-Intervenors claim to seek to preserve. Further, Defendants-Intervenors still have not satisfied the test to establish that a stay is warranted. First, they cannot avoid the practical reality that a patchwork nationwide regulatory regime is prejudicial to the Business-Plaintiffs Intervenors. Second, Defendants will not be prejudiced if the stay is denied—the agencies have agreed that

2

immediate vacatur is proper and Defendants-Intervenors have not so much as speculated that they would suffer any harm. Third, a stay is not necessary for judicial economy because this case presents a live case or controversy, this Court has already addressed the merits of the challenges to the WOTUS Rule, and the narrow question of remedy is fully briefed and easily resolved.

## ARGUMENT

**I.     Defendants-Intervenors' request for a stay should be denied.**

A district court "has broad discretionary authority in determining whether a stay is appropriate." *Wheeler v. Novarti S Pharmaceutic. Corp.*, 2012 WL 12929754, *1 (S.D. Ga. Apr. 18, 2012). But "'[t]he Court should not exercise its power to stay proceedings lightly.'" *Cincinnati Ins. Co. v. Thunderbolt Harbor Phase II Condo. Ass'n, Inc.*, 2015 WL 4075148, *1 (quoting *Markel Int'l Ins. Co. v. O'Quinn*, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008)). In deciding whether to grant a stay, "a court may consider the prudential advantages of a stay, 'but must also examine the relative prejudice and hardship worked on each party if a stay is or is not granted.'" *Id*. (quoting *Pise v. Express Marine, Inc.*, 2008 WL 2163920, *3 (S.D. Ala. May 19, 2008)); *see U.S. for Use and Benefit of TSI Tri-State Painting, LLC v. Fed. Ins. Co.*, 2016 WL 7385715, *4 (S.D. Ga. Dec. 20, 2016). On those standards, no stay of proceedings is appropriate here.

*First*, a stay of the proceedings without consideration of the motions seeking vacatur of the WOTUS Rule will be prejudicial to the Business Plaintiffs-Intervenors. The WOTUS Rule is enjoined in roughly half of the states as the result of several challenges across the country; in the other states and the District of Columbia, the WOTUS Rule is in effect. Dkt.

3

261 at 10. Some of the Business Plaintiffs-Intervenors' members operate nationwide and own and work on real property that includes features that may qualify as waters of the United States under the WOTUS Rule, but not under the prior regime. *See* Dkt. 178 at 14-15. Because there is a regulatory patchwork, these multi-state actors must attempt to comply with different rules in the states where they operate. As a practical matter, this patchwork makes planning for use of these actors' land impossible and seriously affects their day-to-day operations. Indeed, they may own or work on a parcel that crosses state borders, but in one state they would be subject to the WOTUS Rule and not so in the adjacent state. And national organizations, like the Business Plaintiffs-Intervenors, face difficulties in advising members when rules do not apply nationwide.

Defendants-Intervenors respond that the Business Plaintiffs-Intervenors have not "identified any specific harm or prejudice they will suffer in the short period between now and the repeal's effective date." Dkt. 278 at 4. To the contrary, the Business Plaintiffs-Intervenors have explained repeatedly that their members are harmed by an inconsistent nationwide regulatory scheme. And that is a matter of common sense: private landowners must take into consideration the governing regulatory environment in making decisions about how to use their land. When the governing regulations are uncertain or when they differ from location-to-location depending on whether the WOTUS Rule is enjoined in a particular State, that decision making is made much more difficult, and could lead landowners to forego any use of their land. Denying the motion to stay and granting the request to vacate the WOTUS Rule brings needed uniformity and certainty to the landowners.

Defendants-Intervenors state that "[b]usinesses and trade organizations routinely comply with different state regulations." Dkt. 278 at 5. That is true, but beside the point. The Clean Water Act recognizes the need for nationwide uniformity in regulation of waters of the United States, and granting the motion to stay only ensures the *absence* of that uniformity.

This prejudice exists notwithstanding the issuance of the Repeal Rule. As the agencies explain, the Repeal Rule will not be effective for 60 days after it is published in the Federal Register. Dkt. 274 at 11. Further, as the agencies also explain, the Repeal Rule will undoubtedly be subject to immediate challenges and attempts to enjoin its effectiveness. *Id*. at 11-12. Therefore, a very real possibility remains that a court may stay the operation of the Repeal Rule for some indefinite amount of time. In that situation, absent vacatur, the WOTUS Rule will spring back to life in the nearly half of the States where it is not enjoined and the only way to prevent that, and guarantee the regulatory certainty that the regulated industry needs, is to vacate the unlawful WOTUS Rule.

*Second*, Defendants-Intervenors do not argue that they would suffer any prejudice if the stay is denied. As discussed, this Court "must . . . examine the relative prejudice and hardship worked on each party if a stay is or is not granted." *Cincinnati Ins. Co.*, 2015 WL 4075148, *1 (internal quotation marks omitted). While the Business Plaintiffs-Intervenors and their members face a substantial risk of continuing harm due to the uncertainty and difficulty posed by the regulatory patchwork, Defendants-Intervenors offer no suggestion that they would suffer harm if the stay is denied. Because the "relative prejudice and hardship" weighs more heavily on Plaintiffs, the motion for stay should be denied.

Defendants-Intervenors counter that the court may grant a stay "without any mention of harm to the movant where, as here, there are practical reasons to grant a stay and doing so would not unduly prejudice either party." Dkt. 278 at 6. This argument acknowledges that the relative prejudice to the parties is a necessary consideration in determining whether to grant a stay. And, as explained, a stay *will* unduly prejudice Plaintiffs in this case.

*Third*, Defendants-Intervenors' argument that "[t]here is no reason for the Court or the parties to expend finite resources resolving disputes that will soon become moot," Dkt. 278 at 2, is wrong for several reasons. To start, this Court has already addressed the merits of the challenges to the WOTUS Rule in a lengthy decision. Dkt. 261. All that remains are the motions to reconsider, which are fully briefed and present a narrow point (whether to vacate the invalidated rule)—a point that is uncontested by the agencies and not addressed by the Defendants-Intervenors. While Defendants-Intervenors describe the question of remedy as "a critical aspect of the case," Dkt. 278 at 4, this question is easily decided given that there is no dispute that, under the applicable legal standard, vacatur of the WOTUS Rule is required. *See* Dkt. 262, 265, 274-75, 277. Indeed, resolution of those motions will hardly require more judicial resources than resolution of the motion to stay. And even if there were some minimal judicial economy to be gained by granting the stay, it is outweighed by the prejudice to Plaintiffs.

Further, contrary to the central premise of Defendants-Intervenors' motion, the question of whether the WOTUS Rule should be vacated will not soon become moot. The Repeal Rule will not take effect for more than two months, and the Business Plaintiffs-

Intervenors will continue to suffer from the non-uniform regulatory scheme in that months-long period. Additionally, once the effective date of the Repeal Rule does arrive, it is a certainty that the rule will be challenged and parties will seek to enjoin it. *See* Dkt. 274 at 10. For this reason, the agencies explain that "it is conceivable the Repeal Rule's effective date may be delayed, thereby prolonging the uneven application of the definition of 'waters of the United States.'" *Id*. Indeed, the Business Plaintiffs-Intervenors have provided numerous examples of that happening in recent, analogous situations. Dkt. 275 at 7.

Therefore, this Court can still grant effective relief to Plaintiffs. "[A] case becomes moot when the reviewing court can no longer offer any effective relief to the claimant." *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 733 (11th Cir. 2018). This Court can of course grant effective relief in the form of vacatur before the Repeal Rule's effective date because the WOTUS Rule is still operating in half of the country. And the Court can grant effective relief after the Repeal Rule's effective date because it will certainly be challenged and may be enjoined, and in that case the unlawful WOTUS Rule will spring back to life unless it is vacated. That risk, coupled with the present harm that comes with the Rule's operation in half the country for at least the next couple months, warrants denial of the stay.

In support of their argument, Defendants-Intervenors rely on a stay issued by a Florida district court in light of the pending promulgation of the Repeal Rule. Dkt. 278 at 3 (citing *Se. Stormwater Ass'n, Inc. v. EPA*, 4:15-cv-579, Dkt. 89 (N.D. Fla. Sept. 22, 2019)). But from a judicial economy or prudential perspective, that case is in a very different posture than this one. There, as the agencies in that case explained, the district court had not ruled on the parties' motions for summary judgment, and supplemental

briefing on those motions was required before the court reached the merits. Dkt. 273, Ex. B at 4. For the same reason, the decision of the district court in Oregon to stay proceedings in light of the pending promulgation of the Repeal Rule in *Oregon Cattlemen's Association v. U.S. EPA*, 3:19-cv-00564, Dkt. 69 (D. Or. Oct. 4, 2019), says nothing about the propriety of a stay in this case. There, the court had only entered a preliminary injunction enjoining the WOTUS Rule within Oregon, *id.*, Dkt. 58 (D. Or. July 26, 2019), and the parties had not yet even briefed the merits of the challenges to the Rule. Here, by contrast, the Court has already held the WOTUS Rule is unlawful and need only address the short, fully-briefed motions for reconsideration to decide the narrow vacatur issue, which would require considerably fewer judicial resources than necessary to resolve the issues remaining in the Florida and Oregon cases.

Defendants-Intervenors also assert that some of the Plaintiffs here argued in favor of dismissal of the challenges to the Clean Power Plan as moot once the rule repealing it was published in the Federal Register. Dkt. 278 at 6 n.3. But they do not suggest that there was the same type of prejudicial regulatory patchwork in place there as here, both pending the effectiveness of the repeal rule and if the repeal rule were enjoined. To the contrary, all challenges to the Clean Power Plan and the repeal and replacement rules had to be brought in the D.C. Circuit, so there was no risk of inconsistent application of different sets of rules nationwide, as has occurred with the WOTUS Rule.

Likewise, all of the cases Defendants-Intervenors cite as examples of courts granting stay motions, Dkt. 278 at 2-3, are inapposite. *Not one* of those cases dealt with a situation similar to the instant case, where the court has resolved the substantive merits of

8

the lawsuit and only has left to address a question about an aspect of the relief to be granted. Nor did those cases address the same type of prejudice to the non-moving party from the issuance of the stay. Defendants-Intervenors place particular reliance on this Court's decision in *Fitzer v. American Institute of Baking, Inc.*, 2010 WL 1955974 (S.D. Ga. May 13, 2010). *See* Dkt. 278 at 5-6. But in *Fitzer* the case was "at a relatively early stage" with only limited discovery taken and, as this Court pointed out, the parties there did not argue that a stay would prejudice either party. *Id*. at *2. This case is in a diametrically opposite posture.

In sum, a stay will harm the Business Plaintiffs-Intervenors, but denial of the stay will not harm Defendants-Intervenors. Reconsideration of the decision whether to vacate the WOTUS Rule will not consume significant judicial resources, and any expenditure of such resources is warranted in light of the potential harm to Plaintiffs and the regulated community from the persistence of a nationwide patchwork of federal regulation and application in half the country of a rule this Court has deemed invalid.

## CONCLUSION

For these reasons, Business Plaintiffs-Intervenors request that this Court deny the motion to hold the proceedings in abeyance and reconsider or alter or amend its judgment to reflect that the WOTUS Rule is vacated and remanded to the agencies for further proceedings.

Dated: October 21, 2019            Respectfully submitted,

*/s/ Timothy S. Bishop*
Timothy S. Bishop*
  MAYER BROWN LLP

9

      71 South Wacker Drive
      Chicago, IL 60606
      (312) 782-0600 (tel.)
      (312) 701-7711 (fax)
      tbishop@mayerbrown.com

Mark D. Johnson
Georgia Bar No. 395041
   Gilbert, Harrell, Sumerford & Martin, P.C.
   777 Gloucester Street, Suite 200
   Brunswick, Georgia 31520
   (912) 265-6700 (tel.)
   (912) 264-0244 (fax)
   mjohnson@gilbertharrelllaw.com

*Counsel for Business Plaintiffs-Intervenors*
*\* pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 21, 2019, I filed and thereby caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of Georgia on all parties registered for CM/ECF in the above-captioned matter.

*/s/ Timothy S. Bishop*
*Counsel for Business Plaintiffs-Intervenors*