IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| State of Georgia, *et al.*,<br>    *Plaintiffs,*<br>v.<br><br>Andrew Wheeler, *et al.*,<br>    *Defendants.* | Case No. 2:15-cv-79-LGW-RSB |

**PLAINTIFF STATES' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION TO HOLD THE CASE IN ABEYANCE**

This Court should deny Defendant-Intervenors' motion to hold this case in abeyance.[1]

The parties have litigated this challenge to the 2015 WOTUS Rule for several years. Over that time, this Court has addressed and decided a jurisdictional question, motions for a preliminary injunction, and motions for summary judgment, finally culminating in a judgment for the Plaintiff States concluding that the rule is unlawful. Now, but one step remains: deciding the plaintiffs' ripe motions for reconsideration, which ask the Court to vacate that unlawful rule and make the Court's temporary relief permanent. Yet the Defendant-Intervenors now ask this Court to avoid that final step, leaving the Plaintiff States and their residents without permanent protection from enforcement of an unlawful rule.

This Court should decline their invitation. This is the fourth time defendants in this case have asked this court to decline to exercise its jurisdiction for the "prudential" reason that the case could become moot in the future if the 2015 WOTUS Rule is replaced. *See* Agencies' Mot. to Continue Stay 1–2, 7, 9, ECF No. 134; Def-Intv'rs' Post-Hearing Br. in Opp. To Pls.' Mot. for Prelim. Injunction 2, ECF No. 173; Agencies' Opp. to Mot. for Summary Judgment 12–15, ECF No. 215. As the Court made clear the first three times it rejected this argument, its jurisdiction is not so malleable. Order, ECF No. 144 (lifting stay); Order 9 & n.6, ECF No. 174 (granting preliminary injunction); Order 13, ECF No. 261 (granting summary judgment). As long as the

---

[1] The North Carolina Department of Environmental Quality does not join this brief.

1

2015 WOTUS Rule "remains on the books," this Court has jurisdiction to decide this case, Order 9 & n.6, ECF No. 174 (quoting *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 627 n.5 (2018)); Order 13–14, ECF No. 261 (quoting *Nat'l Ass'n of Mfrs.*, 138 S. Ct. at 627 n.5), and a federal court's obligation to exercise its jurisdiction to decide a case before it is "virtually unflagging," Order 13, ECF No. 261.  So now, as before, arguments that the case could become moot in the future do not justify declining to exercise jurisdiction that all agree this Court has now, *see* Agencies' Resp. to Mots. for Recon. 11, ECF No. 274 (explaining that the repeal of the 2015 Rule "does not go into effect until 60 days after publication in the Federal Register, which has not yet occurred"); Def-Intv'rs' Mot. to Hold Case in Abeyance, ECF No. 278 (not contending that this case is presently moot).[2]

      Nor do other "prudential" reasons warrant refraining from deciding the proper remedy in this case.  First, there is no real danger of wasting substantial party or judicial resources.  The motions for reconsideration asking for vacatur of the rule are fully briefed, and that remedial question is not particularly hard:  even the Agencies, for whose benefit this Court initially declined to vacate the rule, expressly ask this Court to vacate it, Agencies' Resp. to Pl.-Intv'rs' Mot. for Recon. 9, ECF No. 274, and no party in this case—not even the Defendant-Intervenors—have disputed that vacatur is the proper remedy.

      Second, equity favors deciding that question, not ignoring it.  The Repeal Rule's effective date is currently indefinite:  The rule has not been published in the Federal Register, and the Agencies will wait 60 days after that (unknown) publication date to promulgate the rule.  In the meantime, the Repeal Rule will almost certainly be challenged in federal court.  *See, e.g.*, Annie Snider, *Trump administration rolls back landmark water protections*, POLITICO.com, https://www.politico.com/story/2019/09/12/trump-repeal-epa-water-rule-1492183 (last visited

---

[2] Plaintiff States note that this case likely would not be moot even if the Repeal Rule were to go into effect (for example, if 60 days pass after the rule is published and the rule is not subject to an injunction), because the Repeal Rule does not alter the preexisting definition of "interstate waters," which this Court concluded was in excess of the Agencies' authority under the Clean Water Act, *see* Order at 33–36, ECF No. 261.

Sept. 15, 2019) ("Environmental groups and state attorneys general vowed to challenge the rollback…."). And any one of the federal district courts to which plaintiffs bring such a challenge could issue a nationwide injunction against the Repeal Rule, as recent experience with the Applicability Rule proved. *See South Carolina Coastal Conservation League v. Pruitt*, 318 F. Supp. 3d 959 (D.S.C. 2018) (issuing nationwide injunction against Applicability Rule meant to delay effective date of the 2015 WOTUS Rule, thus putting rule into effect); *Puget Soundkeeper Alliance v. Wheeler*, 2018 WL 6169196 (W.D. Wash. Nov. 26, 2018) (vacating Applicability Rule). The result of such an injunction, of course, would be to leave the 2015 WOTUS Rule in effect across the country. And although the Defendant-Intervenors point out that this Court's preliminary injunction will prevent the rule from going into effect "between now and the repeal's effective date," they notably do not offer that same assurance for beyond the effective date. Def-Intv'rs' Mot. to Hold Case in Abeyance 5, ECF No. 278. Any chance that holding this case in abeyance could result in subjecting the Plaintiff States to enforcement of the unlawful 2015 WOTUS Rule cuts strongly against such inaction, particularly when issuing a final judgment that vacates the rule could prevent that result. *See* Pl. States' Mot. for Recon.11, ECF No. 265.

That risk of losing this Court's protection against enforcement of the 2015 WOTUS Rule, which holding the case in abeyance would create, shows Defendant-Intervenors' motion here for what it really is: a last-minute, back-door attempt to see the 2015 WOTUS put into effect in the Plaintiff States, after more than four years of litigation before this Court, and after this Court has definitively concluded that enforcing the rule against the Plaintiff States would be illegal. This Court should not countenance that result.

## CONCLUSION

For the reasons set out above, this Court should deny the Intervenor-Defendants' motion to hold this case in abeyance.

Respectfully submitted.

/s/ *Andrew A. Pinson*
Christopher M. Carr
   *Attorney General*
Andrew A. Pinson
   *Solicitor General*
    *Lead Counsel*
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
apinson@law.ga.gov
(404) 651-9453

*Counsel for Plaintiff State of Georgia*

Steve Marshall
   *Attorney General*
Edmund G. LaCour Jr.
   *Solicitor General*
Office of the Attorney General
501 Washington Ave.
Montgomery, Alabama 36130
elacour@ago.state.al.us
(334) 353-2609

*Counsel for Plaintiff State of Alabama*
(admitted *pro hac vice*)

Curtis T. Hill, Jr.
   *Attorney General*
Thomas M. Fisher
   *Solicitor General*
Office of the Attorney General
302 West Washington Street
Indiana Government Center - South, 5th Fl.
Indianapolis, Indiana 46204
tom.fisher@atg.in.gov
 (317) 232-6255

*Counsel for Plaintiff State of Indiana*
(admitted *pro hac vice*)

Patrick Morrisey
   *Attorney General*
Lindsay S. See
   *Solicitor General*
Office of the Attorney General
State Capitol , Building 1, Rm 26-E
Charleston, West Virginia 25305
lindsay.s.see@wvago.gov
(304) 558-2021

*Counsel for Plaintiff State of West Virginia*
(admitted *pro hac vice*)

Ashley Moody
   *Attorney General*
Amit Agarwal
   *Solicitor General*
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
amit.agarwal@myfloridalegal.com
(850) 414-3300

*Counsel for Plaintiff State of Florida*
(admitted *pro hac vice*)

Derek Schmidt
   *Attorney General*
Jeffrey A. Chanay
   *Chief Deputy Attorney General*
Office of the Attorney General
120 SW 10th Ave., 3d Floor
Topeka, Kansas 66612
jeff.chanay@ag.ks.gov
 (785) 368-8435

*Counsel for Plaintiff State of Kansas*
(admitted *pro hac vice*)

Joshua H. Stein
 *Attorney General*
Asher P. Spiller
 *Assistant Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
aspiller@ncdoj.gov
(919) 716-6977

*Counsel for Plaintiff N.C. Department of Environmental Quality*
(admitted *pro hac vice*)


Andy Beshear
  *Attorney General*
Sarah Adkins
  *Assistant Attorney General*
Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601
sarah.adkins@ag.ky.gov
(502) 696-5650

*Counsel for Plaintiff State of Kentucky*
(admitted *pro hac vice*)

Alan Wilson
   *Attorney General*
Robert D. Cook
   *Solicitor General*
James Emory Smith, Jr.
   *Deputy Solicitor General*
Office of the Attorney General
1000 Assembly Street, Room 519
Columbia, South Carolina 29201
esmith@scag.gov
(803) 734-3680

*Counsel for Plaintiff State of South Carolina*
(admitted *pro hac vice*)


Sean D. Reyes
   *Attorney General*
Tyler Green
   *Solicitor General*
Office of the Attorney General
Utah State Capitol Complex
350 North State Street, Suite 230
Salt Lake City, Utah 84114-2320
tylergreen@agutah.gov
(801) 538-9600

*Counsel for Plaintiff State of Utah
(*admitted *pro hac vice)*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I served this motion by electronically filing it with this Court's ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECF system.

/s/ *Andrew A. Pinson*
Andrew A. Pinson