# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2020 JAN -3 PM 2: 43
CLERK
DIST. OF GA.

STATE OF GEORGIA, et al.,

      Plaintiffs,

      v.

ANDREW R. WHEELER, in his
official capacity as Acting
Administrator, U.S.
Environmental Protection
Agency, et al.,

      Defendants.

No. 2:15-cv-00079

### ORDER

Before the Court are a motion for reconsideration or to alter or amend the judgment filed by Business Plaintiffs-Intervenors, dkt. no. 262, a motion for reconsideration or to alter or amend the judgment filed by Plaintiff States, dkt. no. 265, and a motion to hold the case in abeyance filed by Defendants-Intervenors, dkt. no. 278.  These motions are ripe for review.

### BACKGROUND

Plaintiff States and Business Plaintiffs-Intervenors brought this case to challenge a 2015 administrative regulation defining "waters of the United States" (hereinafter, the "WOTUS Rule") under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1344, 1362(7) (2018).

AO 72A
(Rev. 8/82)

On August 21, 2019, this Court ruled that the WOTUS Rule is unlawful under both the CWA and the Administrative Procedure Act ("APA"). The Court did not reach the questions of whether the WOTUS Rule violates the Commerce Clause or the Tenth Amendment or whether the WOTUS Rule is unconstitutionally vague. Rather than vacate the WOTUS Rule, the Court remanded the WOTUS Rule to the Agencies[1] for further proceedings consistent with the Court's Order.

Now the Plaintiff States and Business Plaintiffs-Intervenors move the Court to reconsider the part of the Court's judgment that remanded the WOTUS Rule. They argue that vacatur, rather than remand, is the appropriate remedy. Defendants-Intervenors move the Court to hold this case in abeyance for 75 days or until the Repeal Rule, i.e. the rule repealing the WOTUS Rule, goes into effect.

## LEGAL AUTHORITY

Mootness is the threshold question in this case. Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "Because the judiciary is unelected and unrepresentative, the Article III case-or-controversy limitation,

---

[1] The United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers ("the Corps") (collectively "the Agencies").

as embodied in justiciability doctrine, presents an important restriction on the power of the federal courts." Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir. 1998). As the Supreme Court has put it, "the 'case or controversy' requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded. The several doctrines that have grown up to elaborate that requirement are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'" Allen v. Wright, 468 U.S. 737, 750 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). The powerful limitations that Article III places on the federal judiciary—including the mootness doctrine—relate to a centuries-old "idea . . . about the constitutional and prudential limits to the powers of an unelected, unrepresentative judiciary in our kind of government." Vander Jagt v. O'Neill, 699 F.2d 1166, 1179 (D.C. Cir. 1982) (Bork, J., concurring).

Plainly, if a suit is moot, it cannot present an Article III case or controversy, and the federal courts lack subject matter jurisdiction to entertain it. See Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam) ("[M]ootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." (internal quotation marks and citations omitted)); Socialist Workers Party, 145 F.3d at 1244. Mootness can occur due to a change in circumstances, or,

as here, a change in the law. As the Eleventh Circuit has said, "[w]hen a subsequent law brings the existing controversy to an end the case becomes moot and should be treated accordingly." <u>Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta</u>, 219 F.3d 1301, 1310 (11th Cir. 2000) (citing <u>Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater</u>, 777 F.2d 598, 605 (11th Cir. 1985)) (internal quotation marks omitted). Therefore, the Court is required to address the jurisdictional question before it may consider the merits of the case.

## DISCUSSION

On September 12, 2019, the Agencies announced that they had finalized and signed the repeal of the challenged WOTUS Rule, "reinstating the longstanding and familiar pre-2015 Rule regulatory regime" in the interim period before a revised WOTUS Rule was promulgated ("Repeal Rule"). The Repeal Rule was published in the Federal Register on October 22, 2019, 84 Fed. Reg. 56,626, and became effective December 23, 2019.

The parties' motions and many of the responsive briefs were filed before the Repeal Rule was published and certainly before the Repeal Rule became effective; thus, the parties' briefs understandably do not address the mootness issue as currently postured. The Court finds, however, that further briefing on mootness is not necessary for the Court to analyze the issue. The Eleventh Circuit's opinion in <u>Coral Springs Street Systems, Inc.</u>

v. City of Sunrise, 371 F.3d 1320 (2004), is directly on point, and the following discussion is borrowed in large part therefrom.

Generally, a challenge to the constitutionality of a statute is mooted by repeal of the statute. In Coalition for the Abolition of Marijuana Prohibition, for example, the Eleventh Circuit said that "when an ordinance is repealed by the enactment of a superseding statute, then the 'superseding statute or regulation moots a case only to the extent that it removes challenged features of the prior law.'" 219 F.3d at 1310 (quoting Naturist Soc'y, Inc. v. Fillyaw, 958 F.2d 1515, 1520 (11th Cir. 1992)). Moreover, on numerous occasions, the Supreme Court has held that the repeal of or amendment to challenged legislation rendered moot a plaintiff's request for injunctive relief. See, e.g., Lewis v. Cont'l Bank Corp., 494 U.S. 472, 474 (1990) (holding that a Commerce Clause-based challenge to Florida banking statutes was rendered moot by amendments to the law); Massachusetts v. Oakes, 491 U.S. 576, 582–83 (1989) (holding that an overbreadth challenge to a child pornography law was rendered moot by amendment to the statute); Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982) (per curiam) (holding that the challenge to a university regulation was moot because the regulation had been substantially amended); Kremens v. Bartley, 431 U.S. 119, 128–29 (1977) (holding moot a constitutional challenge to a state statute governing the involuntary commitment of mentally ill minors, because the law had been replaced with a

different statute); Diffenderfer v. Cent. Baptist Church, Inc., 404 U.S. 412, 415 (1972) (holding moot a challenge to a Florida tax exemption for church property when the law had been repealed).

An important exception to this general rule applies if there is a substantial likelihood that the challenged statutory language will be reenacted. Thus, in City of Mesquite v. Aladdin's Castle, 455 U.S. 283 (1982), the Supreme Court denied a mootness claim even though the challenged law was no longer in effect. In that case—a void-for-vagueness challenge to a city statute—the ordinance had been amended and the challenged language repealed by the time the case was decided by the Court of Appeals. Id. at 288. The Supreme Court nonetheless concluded that the case was not moot, because "the city's repeal of the objectionable language would not preclude it from reenacting precisely the same provision." Id. at 289. The Court observed that "[t]here is no certainty" that this reenactment would not occur. Id. Indeed, in contrast to the other cases cited above, in Mesquite, the Court noted that the City had expressly announced an intention to reenact the old language if the Court vacated the district court's holding that the language of the statute was unconstitutionally vague. Id. at 289 & n.11. Plainly, Mesquite differed from Lewis, Oakes, and the others because the Court found that if it held there was no jurisdiction to evaluate the case on the merits, then the challenged law would be reenacted.

In general, then, the Supreme Court has declined to hold moot a challenge to a repealed law only when the law is reasonably likely to be reenacted or when it is replaced by another constitutionally suspect law. See also 13A Wright et al., Federal Practice and Procedure § 3533.7 (2d ed. 2004) ("The determination whether discontinuance moots a case is apt to be affected by the distinction between public and private defendants. Courts are more apt to trust public officials than private defendants to desist from future violations."). Likewise, the Eleventh Circuit has repeatedly held that the doctrine of voluntary cessation[2] does not apply in cases where challenged laws have been repealed unless there is some reason to believe that the law may be reenacted after dismissal of the suit. Thus, for example, in Jews for Jesus v. Hillsborough County Aviation Authority, 162 F.3d 627 (11th Cir. 1998), the Eleventh Circuit held that where a public airport had lifted a prohibition on distributing literature after a complaint had been filed, the issue of whether the prior policy was constitutional was "a purely academic point" and was accordingly moot, precisely because there was "no reasonable expectation that the challenge [would] resume after the lawsuit [was] dismissed." Id. at 629 (citation and quotation marks omitted). In reaching

---

[2] The doctrine of voluntary cessation is the proposition that a defendant's voluntary cessation of an illegal activity cannot moot a lawsuit because the activity can be resumed as soon as the case is dismissed.

AO 72A
(Rev. 8/82)

this conclusion, the Eleventh Circuit considered the fact that the changed policy was the result of "substantial and conscientious deliberation," and had been "consistently applied" since its enactment. Id.

Whether the repeal of a law will lead to a finding that the challenge to the law is moot depends most significantly on whether the court is sufficiently convinced that the repealed law will not be brought back. Coral Springs St. Sys., Inc., 371 F.3d at 1331.

Here, Plaintiff States inform the Court that a lawsuit has been filed in the District Court of South Carolina challenging the Repeal Rule. Various environmental groups (much like the Defendants-Intervenors in this case) are suing the Agencies for their allegedly "arbitrary and unlawful attempt to repeal the clear protections of the [WOTUS Rule]." Dkt. No. 286-1 at 1 (South Carolina Coastal Conservation League, et al. v. Wheeler, et al., No. 2:19cv3006 (D.S.C. Oct. 23, 2019)). There, the plaintiffs allege the Agencies' actions "remove crucial protections from the nation's waters, including streams, marshes, and bays across South Carolina." Id. at 1-2. Plaintiff States aver that an injunction against or vacatur of the Repeal Rule would leave the 2015 WOTUS Rule in effect. Dkt. No. 286 at 1.

Here, the Agencies did not issue the Repeal Rule until after this Court issued its ruling that the WOTUS Rule violates the CWA and APA. Nevertheless, Plaintiff States and Business Plaintiffs-

Intervenors presumably contend that their concern is like the concern implicated by a defendant's voluntary cessation of an unlawful activity in that the unlawful rule (the WOTUS Rule) will go back into effect if this Court does not vacate the WOTUS Rule and if the plaintiffs in South Carolina Coastal Conservation League, et al. v. Wheeler, et al. are successful in vacating the Repeal Rule.

Unlike the Supreme Court in Mesquite, this Court does not find that the challenged law—here, the WOTUS Rule—would be reenacted should this Court hold there is no jurisdiction to evaluate the case on the merits. First of all, the Agencies are public officials rather than private defendants, and the Supreme Court has acknowledged that courts are more apt to trust public officials to desist from future violations. Though a lawsuit challenging the Repeal Rule is pending in a federal court outside of this district, the Court is not persuaded that, even if the Repeal Rule were vacated, the WOTUS Rule—or more specifically, the unlawful portions thereof—would be reenacted. The Court cannot conclude that there is a "reasonable chance" that the WOTUS Rule will be reinstated, particularly in light of this Court's Order finding it unlawful, not to mention the plethora of similar lawsuits around the country challenging the WOTUS Rule's lawfulness. The Court concludes that, in light of the Repeal Rule, this case has been rendered moot. For the Court to now consider

vacating the repealed WOTUS Rule, as Plaintiff States and Business Plaintiffs-Intervenors request, would be impermissible as the Court's pronouncement would be essentially advisory in nature. The same goes for Defendants-Intervenors' request to hold this case in abeyance.  Accordingly, those motions are **DENIED as moot.**

### CONCLUSION

Plaintiff States' and Business Plaintiffs-Intervenors' motions for reconsideration or to alter or amend the judgment, dkt. nos. 262 and 265, as well as Defendants-Intervenors' motion to hold the case in abeyance, dkt. no. 278, are **DENIED as moot.** The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 3rd day of January, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)